Superior Court of Buffalo.    January Criminal Term, 1858.
*George W. Clinton*, Justice, presiding.

## The People *v.* Henry Bradley.

A simple receipt is not the subject of larceny under the statute; otherwise of an "accountable receipt."

A note, though payable in specific articles, is the subject of larceny within the statutory definition.

The indictment contained one count only, and charged the prisoner with larceny of " one promissory note of the value of $100," and of certain receipts, and of a tin box of the value of $2, "of the chattels and personal property of one Edwin W. Weston." The note and receipts were set forth in *haec verba*. The note was as follows: " On or before the first day of March next, I promise to deliver A. Lainey, or bearer, one hundred dollars' worth of hemlock lumber, at Martin's Corners, at the wholesale prices, it being half payment of the $200 mentioned in a certain mortgage this day executed in favor of said Lainey mentioned, money down, for which said Lainey agrees to take lumber instead of money," and was dated January 21, 1854. The form of describing the several receipts was as follows: "One receipt for the payment of the sum of fifteen dollars and forty-six cents, and of the value of fifteen dollars and forty-six cents, which said receipt was in the words and figures following, to wit: "Buffalo, Mch. 3d, 1855. Received from Mr. E. W. Weston, Fifteen $\frac{46}{100}$ dollars in full for bill lumber, and of all demands to date." (signed) "Dart Brothers."

A jury having been impanneled, *Galusha Parsons*, who had been assigned to defend the prisoner, requested the court to decide that no evidence could be given of the larceny of the so called promissory note, nor of the receipts, for reasons noticed in the following opinion. After hearing *James M. Humphrey* (District Attorney), the court, with the consent of counsel, permitted the evidence to be given, reserving its decision until the following morning, and then delivered the following opinion:

CLINTON, J. At common law, no chose in action, evidence of debt, or voucher of payment, was the subject of larceny, but under our statutes the common law definition of that crime has been greatly expanded. The Revised Statutes (2 *R. S.*, 679, § 63) define grand larceny to be "the felonious stealing, taking and carrying away the personal property of another, of the value of more than twenty-five dollars;" and (*Ib.*, 690, § 1) petit larceny, as the "stealing, taking and carrying away the personal property of another, of the value of twenty-five dollars or under." The section of those statutes (*Ib.*, 679, § 66) cited by the prisoner's counsel last evening, does not, as he supposed, define the subjects of larceny other than goods or chattels, but merely fixes, by arbitrary rules, their values. The definition is furnished by another section (*Ib.*, 702, § 33), which is as follows: "The term 'personal property,' as used in this chapter, shall be construed to mean goods, chattels, effects, evidences of right in action, and all written instruments by which any pecuniary obligations, or any right or title to property, real or personal, shall be created, acknowledged, transferred, increased, defeated, discharged or diminished." This definition and the definitions of larceny, grand and petit, are in the same chapter; and larceny, under our Revised Statutes, includes the stealing, taking and carrying away of any written instrument, by which any pecuniary obligation is discharged or diminished. A release of the whole, or of a part of a pecuniary obligation (or debt, as we understand the term), does discharge or diminish it; but a simple receipt does not. Payment, partial or in full, does; and the receipt is a mere written acknowledgment and evidence of the payment. A simple receipt is not a written instrument in the ordinary legal acception of that word. It has no active operation, but is simply evidence. It is not capable of enforcement, but is a shield. As before remarked, the provision cited by counsel (§ 66) does not profess, and cannot be permitted, to enlarge this definition. It uses the word "receipt," but that word is used in various senses, both in common and commercial parlance, and in the law. The section, as respects receipts,

reads thus: "If the property stolen consist of any receipt, or any other evidence of debt, the money due thereon or secured thereby, and remaining unsatisfied, or which in any event or contingency might be collected thereon, or the value of the property transferred or affected thereby, as the case may be, shall be deemed the value of the article so stolen." There is nothing in this language which can be applied to a creditor's written acknowledgment of payment by his debtor. Such an acknowledgment, or receipt, is not an evidence of debt; no money is due thereon, nor can, in any contingency, be collected thereon, nor is any property transferred or affected thereby. But there are receipts known to commerce and the law which are the subjects of larceny under our statutory definition. Such are " accountable receipts," or receipts for money to be accounted for; receipts for property in store, and ship receipts. A ship receipt is the written acknowledgment of the mate receiving cargo, acknowledging the receipt of goods on board the vessel, describing them by the marks upon them or the packages. In delivering the judgment of the Court of Appeals, in *Brower* v. *Peabody* (3 *Kern.*, 121), Gardiner, Ch. J., sanctioned the distinction we recognize. Speaking of ship receipts, he said: "The act of Lovett, through which the defendant is compelled to make title, was a felony, for which he could have been indicted and convicted, under the 66th section of the article 'Of robbery, embezzlement and larceny.' If the custom or usage which lies at the foundation of the defence, is valid, the receipts were property, and the value of the commodity affected or transferable by the instrument would be deemed the value of the article so stolen."

But, while we are of opinion that the receipts set forth in the indictment are not subjects of larceny, we are very clear that the note payable in lumber is. Though it is not negotiable, it is still "a promissory note." Not being within the statute, it is a mere contract, and a consideration to support it, if one be not apparent on its face, could not be presumed; and it would, perhaps, have been the duty of the district attorney, in that case, to show, by the averment of a consideration, that

it was property within the meaning of the statutory definition. But it shows a consideration on its face. It is expressed to be in half payment of an admitted debt of $200.

Being payable to Lainey or bearer, it was transferable by Lainey by mere delivery. Indeed, being a mere chose in action, if the words " or bearer" had been omitted, it would still have been so transferable. But a written assignment of it by Lainey to Weston has been proven. The prisoner's counsel objects that no such transfer or assignment is averred in the indictment. That merely avers that it was the property of Weston when stolen. He also claims that the indictment is defective, because it does not, in reference to this note or contract, aver, in the words of section 66, that a demand was created thereby, not that the demand was unsatisfied at the time of the taking by the prisoner. A recurrence to the decisions as to the form of indictments for stealing bank notes, sufficiently shows that, in the opinion of this court, the enlargement of the definition of larceny by substituting "personal property " for "goods and chattels," was not intended further to change or complicate the simple form of an indictment at the common law. If the indictment shows that the note, bill, receipt, or instrument alleged to have been stolen was personal property, and avers that it was the personal property of a person named, or to the jurors unknown, it is sufficient.