J. Irwin Shapiro, J.
The defendant in this nonjury trial is charged with having committed the crime of grand larceny in the first degree by stealing a certain promissory note of the value of more than $500 owned by the Lincoln Financial Corporation. The theft is alleged to have been committed by the use of fraudulent and false representations to the effect that certain accounts receivable were valid outstanding accounts representing sums due and owing to the defendant.
The defendant and his company, Pollack Tire Co., Inc., were indebted to the Lincoln Finance Corporation (Lincoln) in the sum of $10,000. As evidence of the debt Lincoln held a note in that sum. When the note was two or three weeks past due, the defendant requested a renewal of the note and offered a number of accounts receivable as collateral security. Lincoln refused to renew the note or to extend the time for payment thereof but stated that it would accept the accounts receivable in part payment of the note. Since the accounts receivable amounted to less than the amount owing on the note, the defendant, in effecting the payment of the full amount of the note ($10,000 plus interest charges), delivered to Lincoln a check for the difference.
I find as a fact and beyond a reasonable doubt that the accounts receivable were fraudulent documents. They indicated a delivery to the Banks Tire Company of a quantity of tires. The said accounts receivable, however, were false in that there had never been a delivery of the tires thereon indicated to the Banks Tire Company, nor did the latter, in fact, order such tires from the defendant.
The defendant’s assertion that Lincoln knew, at the time of the delivery of the accounts receivable, that the tires had not been delivered to the Banks Tire Company, and that nevertheless it accepted them so that its records would show possession of alleged collateral for the loan, I reject out of hand as false and untrue. On the contrary I find beyond a reasonable doubt that Lincoln, in surrendering the outstanding $10,000 promissory note, relied on the verity of said outstanding accounts receivable.
Thus the proof accepted and credited by me shows the defendant to be guilty of larceny. To constitute the crime of obtaining property by fraudulent and false pretenses, the People were required to prove (1) that the representations were false, with respect to a. past or existing fact; (2) that they were made with intent to defraud; (3) that there was a reliance upon the false pretenses alleged; and (4) that property was obtained thereby. (People v. Baker, 96 N. Y. 340; People v. Lehrer, 182 Misc. 645.) The only remaining question then is whether the defendant is guilty of the'.theft of the piece of paper or whether he is guilty *1077 of a theft in the amount of the face value of the note, to wit, $10,000?
At common law dioses in action, including bonds, bills and notes were held not to be “ personal goods ” and therefore not the subject of larceny (2 Wharton’s, Crim. Law [12th ed.], § 1113; People v. Griffin, 38 How. Pr. 475). However, New York, by statute, has made the theft of “personal property” larcenous (Bork v. People, 91 N. Y. 5). In Boric it was held that a negotiable instrument can be the subject of a larceny.
The definition of larceny, so far as it is here pertinent, is defined as follows in section 1290 of the Penal Law: “ A person who, with the intent to deprive or defraud another * * * of property * * * wrongfully takes * * * from the possession of the true owner * * * any money, personal property, thing in action, evidence of debt or contract, or article of value of any kind, steals such property and is guilty of larceny. ’ ’
In People v. Griffin (38 How. Pr. 475, 477, supra) the court, after discussing the law as it existed at common law, said:11 The same principle seems to have guided the framers of our statute upon this subject, which declares after defining the crimes of grand and petit larceny; grand larceny being the felonious taking and carrying away the personal property of another of the value of more than twenty-five dollars; and petit larceny the stealing, taking and carrying away the personal property of another of the value of twenty-five dollars, or under; that ‘ the term personal property as used in this act shall be construed to mean goods, chattels, effects, evidence or right in action, and all written instruments by which any pecuniary obligation or any right or title to property, real or personal, shall be created, acknowledged, transferred, increased, defeated, discharged or diminished. ’ (2d Rev. Stat., 726, S., 33.) This statute has reference very clearly to instruments which as such merely, have the legal effect and operation contemplated thereby. The instrument of itself alone must create, acknowledge, transfer, increase, defeat, discharge, or diminish a pecuniary obligation or a right or title to property, real or personal.”
In People v. Bradley (4 Parker Cr. Rep. 245, 246), the court in discussing the meaning of the term “personal property” said: “ ‘ The term “ personal property,” as used in this chapter, shall be construed to mean goods, chattels, effects, evidences of right in action, and all written instruments by which any pecuniary obligations, or any right or title to property, real or personal, shall be created, acknowledged, transferred, increased, defeated, discharged or diminished.’ This definition and the *1078 definitions of larceny, grand and petit, are in the same chapter; and larceny, under our Revised Statutes, includes the stealing, taking and carrying away of any written instrument, by which any pecuniary obligation is discharged or diminished.”
Whether the stealing of the instrument is petit or grand larceny is determined by applying the provisions of section 1303 of the Penal Law which, in pertinent part, provides that, “If the thing stolen consists of a written instrument, being an evidence of debt * * * or of the creating, releasing, or discharging, of any demand, right or obligation, the amount of money due thereupon or secured to be paid thereby, and remaining unsatisfied * * * or the sum which might be recovered for the want thereof, as the case may be, is deemed the value of the thing stolen.” (Emphasis supplied.)
Relating the facts found to the provisions of section 1303 of the Penal Law, makes it obvious that the acts and conduct of the defendant constitute grand larceny in the first degree.
Accordingly the defendant is adjudged guilty of grand larceny in the first degree.