■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. VINCENT PANNONE, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated June 22, 1971, which granted defendant's motion to dismiss the indictment. Order modified, on the law, by (1) inserting therein, immediately after the provision that the motion is " granted ", the following: " as to the first count and denied as to the second count; and (2) inserting, immediately before the words ' Indictment is dismissed ', the following: ' The first count of the ' ". As so modified, order affirmed. The second count accuses defendant of having committed the crime of " Unlicensed Home Improvement Contractor ". The Grand Jury minutes establish the following: defendant's home improvement contractor's license was revoked, effective October 23, 1969. Prior to that date defendant gave the complainant home owner an estimate for repairs and delivered a contract for the work which was not executed by the complainant. On December 18, 1969 defendant delivered an unsigned contract to the complainant and accepted a $5,000 down payment. Shortly thereafter, defendant performed a small portion of the repair work. The New York City Administrative Code provides that no person shall " solicit, canvass, sell, perform or obtain a home improvement contract " without a license or continue to engage in a home improvement business after his license has been revoked; and it makes such prohibited activity a misdemeanor (Administrative Code of City of New York, §§ B32–352.0, B32–365.0). In our opinion, in view of the fact that the evidence showed that the contract was delivered, payment was received and the work was actually performed, all subsequent to the revocation of defendant's license, a prima facie case of guilt of a violation of the Administrative Code was clearly made out. We agree with the Criminal Term that the evidence was insufficient to sustain the first count, which is for grand larceny in the second degree. Latham, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Gulotta, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: I concur in the reinstatement as to the second count of the indictment, but disagree with my colleagues on the grand larceny count. I

would also reinstate that charge. The evidence before the Grand Jury discloses that on October 10, 1969, three days after a fire at the complainant's home, defendant had a discussion with the complainant, Delores Calano, concerning repair of the damage. She made specific inquiry as to his being a licensed contractor, making it clear that she would not employ him if he were not. He assured her he was. That day defendant made notes of the damage and said he would submit an estimate. To verify his representation the complainant called the Department of Consumer Affairs a few days later and was told defendant was licensed. About one week after his first call, defendant returned with a written estimate and Mrs. Calano asked him for his license number. He wrote it for her on the estimate. In December he returned again with a more formal agreement which he left unsigned with the complainant, wherein he promised to make certain repairs, renovations and alterations for the sum of $11,350. This paper did not bear his license number; nor was there any further talk at that time as to his license. He promised to start work as soon as he received the down payment and to complete everything within six to eight weeks. On December 18 the complainant gave him two checks totaling $5,000. All defendant did after collecting the $5,000 was to tear the roof off the house and leave it that way, never returning to perform any part of his contract. The testimony further shows that prior to any negotiations with the complainant, and in a letter dated October 9, 1969, defendant was notified by the New York City Commissioner of Consumer Affairs that his license was revoked, effective October 23, 1969. He said nothing to the complainant of what had occurred and actively pursued being hired for the job. There is thus presented the two-pronged question as to whether defendant's actions constituted common-law larceny by false pretense (Penal Law, § 155.05, subd. 2, par. [a]) and/or the newer crime of larceny by "false promise" (subd. 2, par. [d]). The former requires a misrepresentation of a past or an existing fact (*People* v. *Pollack,* 38 Misc 2d 1075). In my opinion, defendant's representation that he was licensed was a continuing one under the facts of this case, where the time lapse was so short and the materiality was brought so clearly to defendant's attention, and would sustain a conviction under paragraph (a) of subdivision 2. In view of the complainant's obvious reliance upon the fact that defendant was licensed, his failure to disclose the revocation was tantamount to an affirmative misrepresentation. A false promise of future performance is enough to sustain the charge under paragraph (d) of subdivision 2. However, the statute requires that the intent not to perform be proved by something more than the simple fact of nonperformance. The effect of that paragraph of the statute was to introduce into the criminal law a doctrine long established in the civil law of fraud, to wit: that misrepresentation of one's frame of mind can be actionable. As Lord Bowen put it so graphically in 1882 in *Edgington* v. *Fitzmaurice* (L. R. 29 [Ch. D., 1885] 459, 483), "the state of a man's mind is as much a fact as the state of his digestion." All but a few courts regard a misstatement of a present intention as a misrepresentation of a material fact and a promise made without the intent to perform it as a sufficient basis for an action in deceit (see Prosser, Torts [3d ed.], p. 745). There can be little doubt that, by word and conduct when defendant took the down payment, he was representing that his present intention was to do the job. I think a verdict of guilty under paragraph (d) of subdivision 2 would be sustainable. A jury could infer a prior frame of mind not to perform from the very flagrancy of the breach, which would be sufficient in a civil case. To satisfy the added requirement of the criminal statute, we have the absence

of a license which made it a separate independent crime for defendant to proceed with the work. There is no reason why this fact may not be utilized for the dual purpose of proving the misdemeanor charged in the second count and supplying the extrinsic fact to support the felony charge of grand larceny. There is also the added factor of defendant's nondisclosure of the revocation coupled with his knowledge that under the ordinance he would not have been able to perform or complete the work.