## DAVIS *vs.* ALSTON.

1. To prove the execution of a deed or written contract touching the sale of land, the attesting witness should be produced, or his absence accounted for. The acknowledgement of the party himself, or his admission in a sworn answer, has been held not to dispense with the presence of the attesting witness.

2. If a receipt for certain notes as collateral contain the contract in the main on which the issue in the case depends, it is the best evidence thereof, and must be produced or accounted for.

3. If in possession of defendant or his counsel and not produced, counsel for plaintiff may call the attention of the jury to the fact as a suspicious circumstance, unless the court had ruled that it need not be produced, in which event such allusion would be disrespectful and therefore improper.

4. Where the plaintiff had made a contract with the debtor on the collateral notes for certain lands, by which these notes would have been taken in part payment, and thereby secured, and the trade was not consummated because plaintiff could not arrange other matters connected therewith to suit himself, and where he lost notes of his own on the same party by the failure to consummate it, and where the question was in dispute whether plaintiff was to push the notes upon the collateral debtor by the contract, a charge to the effect that if he could have consummated the trade and did not, and thereby the collaterals were lost, that he was responsible for the loss, is too broad. Such failure to consummate was a circumstance to be considered in connection with the other facts of the case going to show *laches* with the collaterals, but without more it ought not to have concluded the plaintiff.

Deeds. Evidence. Practice in the Superior Court. Contracts. Before Judge WRIGHT. Webster Superior Court. March Adjourned Term, 1878.

To the report contained in the opinion it is only necessary to add the following : It appeared from the evidence that Davis, the plaintiff, made with Renfroe, the payor of the collateral notes, a contract by which the collaterals could have been collected by being received in part payment for certain land. This was never consummated, however, on account of the failure of plaintiff to arrange satisfactorily certain other debts in connection with the trade. This contract was reduced to writing. It was headed "Articles of agreement between," etc., and was signed by both parties in the presence of one witness. It declared that "the said B. F. Davis has this day purchased of the said Renfroe his plantation, including . . . . on the following terms, viz :" Davis to pay off certain mentioned debts of Renfroe's and to pay him in addition money enough to make the sum amount to $2,200.00 ; Renfroe to have the right to redeem at any time before Dec. 15, 1875, "otherwise the property belongs to the said B. F. Davis." This instrument was admitted in evidence upon the admission of its execution by plaintiff on the stand, and this is one ground of error assigned.

GUERRY & SON, for plaintiff in error, cited as follows: On proof of written contract, 57 *Ga.*, 281. On receipt for collaterals, 9 *Ga.*, 471. Diligence of plaintiff, 10 *Ga.*, 208.

HAWKINS & HAWKINS, for defendant.

JACKSON, Justice.

Davis owed Alston on two promissory notes. Defendant pleaded payment, by the delivery of three notes, two on Renfroe and the other on Bagley, to the plaintiff in satisfaction of these notes; and also that plaintiff took as collateral security

the two notes on Renfroe, good at the time, and then consolidated them without his consent, and waited on Renfroe until the amount was lost. The jury found for defendant fifteen dollars, the difference between the Bagley and Renfroe notes, and those sued on. The plaintiff moved for a new trial, the motion was overruled, and exceptions to the overruling of that motion bring the case before us.

1. It is urged that the court erred in admitting in evidence, over the objection of plaintiff, the contract of Davis and Renfroe, touching Davis' purchase of Renfroe's land, and in giving these notes in payment therefor. Whilst this was not exactly a deed to the land, yet it was a written contract therefor, and the rule of law applicable to deeds may, with propriety, be applied thereto. That rule is old and inflexible, and it is that the attesting witness must be called. It is urged, on the other hand, that the party admitted on the stand, that the paper was the contract, but even if admitted in a sworn answer to a bill in equity, it has been held not to dispense with the call of the attesting witness. In the case of *Ellis vs. Smith*, 10 *Ga.*, 253, the question was fully considered and ruled by this court, and we know of nothing that has overruled that case and the principle there announced.

2. The plea in this case was to the effect that the note sued was paid by collaterals placed in plaintiff's hands by defendant; and it appeared in the course of the trial that a receipt specifying the terms upon which the collaterals had been furnished, was given to defendant by plaintiff, and it was insisted that such receipt ought to be produced. The court ruled that it need not be. We think that where the contract on which the defendant based his defense had been reduced to writing, though in the form of a receipt, it was the best evidence and ought to have been produced. Ordinarily a receipt is unimportant, and need not be produced, but if it contains the contract it should be. This contained the whole of it, except, perhaps, one item under the evidence; it was in the hands of the attorney of the defendant, and no reason

is given why it was not at court. It ought to have been there.

3. As a general rule, we do not see why counsel should not be allowed to argue on the suspicion caused by the failure of the party and his attorney to produce a receipt under these circumstances; but if the court had ruled that it need not be produced, of course the judge was right to stop counsel in predicating an argument upon its non-production. The error was in not having it produced.

4. The charge of the court to the effect that if, by enforcing this contract touching the land trade with Renfroe, the plaintiff could have saved these collaterals, and he did not do so, that then he was responsible to defendant for their value, we think was too broad. The plaintiff set up that he was required by defendant not to push the collection of the collaterals. Besides, it seems that the trade was broken up, because plaintiff could not purchase certain papers to be used in the trade, at fifty cents as he expected, and that some of his own paper on Renfroe was lost, too, in the breaking up of the trade. The trade with Renfroe and the failure of plaintiff to carry it out, was a circumstance proper to go to the jury to show, with other circumstances, that the collaterals were lost by the *laches* of plaintiff without fault of defendant; but by itself we do not see that it ought, without more, to have concluded the plaintiff; and it appears from the charge that the court put the case there. We must reverse the judgment, looking at the whole case, and award a new trial. Of course we express no opinion on the merits of the case or the credibility of the witnesses.

Judgment reversed.