FLETCHER *vs.* HORNE, GUARDIAN, *et al.*

EJECTMENT, FROM LIBERTY. Deed. Evidence. Witness. Charge of Court. Estates. (Before Judge Adams.)

Jackson C. J.—Where, in an action of ejectment, both parties claimed under a common grantor, and under a notice to produce, served on the defendant, she produced a claim of title, except one deed, which plaintiff claimed created a life estate with remainder to them, and such deed was recorded, and the records in the county where it was recorded had been destroyed ; and where the defendant had previously filed a bill and had placed the original deed in the hands of her counsel, and a copy thereof had been attached to the bill sworn to by her, and the original had been returned to her, but was not produced under the

notice, the copy was admissible in evidence, the existence of the original and its loss were sufficiently proved, and the copy was admissible in evidence.

(a) Where are unrecorded deed is offered in evidence, proof by the attesting witnesses is necessary; but where a deed has been recorded and lost and the record has been destroyed, a copy of the original may be proved by the person who made it, and the attesting witnesses need not be called for that purpose.

(b) The record of the deed is proof of delivery, and its subsequent possession by one who derived title from a grantee under it is sufficient to establish such delivery.

(c) It appearing beyond controversy that both parties to this case held under a common grantor, the presiding judge might have so told the jury; but if, instead of so doing, he submitted the question to the jury, he furnished no ground for complaint at the instance of the defendant.

(d) Parties to an ejectment suit who hold under a common grantor cannot attack his deed or that of his feoffor.

2. A deed conveyed to "A. J. Baggs, Jr., for the use, benefit and advantage, in trust, for said Sarah E. Baggs, for life, exempt from marital rights of said Wm. R. Baggs or any future husband said Sarah E. Baggs may have, to-wit:" (Then follows the description of the land.) "To have and to hold the above described property to him, the said A. J. Baggs, Jr., in trust for said Sarah E. Baggs and her children, as above specified, forever, free from the debts, liabilities, obligations and contracts of the present or any future husband of the said Sarah E. Baggs:"

Held, that this deed created a life estate in Sarah E. Baggs, with remainder in fee to her children.

(a) This case differs from that in 61 Ga., 227, which was in respect to the production of witnesses to a deed produced in court.

Judgment affirmed.

Garrard & Meldrim; Lester & Ravanel, for plaintiff in error.

J. W. Farmer; W. W. Fraser, for defendants.