GRAND-ISLE, *January*, 1831.

TIMOTHY BIRNEY *vs.* PETER MARTIN AND ELISHA BOARDMAN.

It is error for the court to instruct the jury, that they may decide a cause accordingly as they find a particular fact, when there is no testimony before them, tending to prove that fact.

This was an action of *debt* upon a replevin bond. The defen- dants pleaded in bar an accord and satisfaction, to wit, the pay- ment and delivery to the plaintiff, before the commencement of this action, a certain pair of oxen, and certain goods described, &c. which the plaintiff received in full satisfaction, &c.

To this plea the plaintiff replied, that before such accord, &c. to wit, on &c. he, for a valuable consideration, assigned said cause of action to one Roger Birney, of which the defendants had no- tice, and that their payment to the plaintiff was in fraud of said Ro- ger. The defendants, by their rejoinder, traversed this assign- ment : and, upon this, issue was joined to the jury.

It appears from the bill of excceptions allowed in the case, that at the trial in the county court, there was evidence tending to prove the assignment and notice alleged in the replication, and that the court charged the jury, upon the evidence, (which is particularly detailed in the exceptions,) "That, if they were satisfied, that the plaintiff for a *bona fide* consideration assigned said contract to Roger Birney, and gave notice thereof to the defendant, *Martin*, before the payment set forth in the de-

fendants' plea in bar, they would return a verdict for the plaintiff, *unless* from the facts and evidence above stated, they could presume, that he was the agent of Roger Birney ; if so, a payment to *Timothy Birney* was a payment to Roger Birney, and they would return a verdict for the defendants." The jury thereupon returned a verdict for the defendants. The plaintiff excepted, &c.

*Argument for the plaintiff.*—From the evidence in this case, it must be presumed, that the jury did find the facts required in the first proposition of the charge, that is, that the plaintiff for a *bona fide* consideration assigned the contract to Roger Birney, and gave notice thereof to *Martin* before the payment set forth in the defendants' plea in bar ; for all the evidence in the case tended directly to establish those facts. Hence, then, it may well be enquired, by what principle were the jury governed, in finding a verdict for the defendants ? And this becomes the only question in the case.

We insist, from the evidence and facts in the case, it must follow, that the jury were governed by the direction of the court in the second proposition in the charge ; that is,if they *could presume* an agency on the part of *Timothy Birney*, they would return a verdict in favor of the defendants. This part of the charge, we insist, was not warranted by the evidence, and was clearly erroneous.

Agency is a question of fact, which the party, insisting upon it, is bound to prove by proper evidence, tending at least to establish the fact ; and is not to be left to inference solely, in a case like the present ; or even presumed from equivocal circumstances.

Agency is a power, predicated on an authority, derived from another person, to do any particular act, or acts, in his name, and, although in some instances the relation of the parties may be such that an authority may be presumed, yet, in a case like the present, and indeed in every case, such facts and circumstances must be proved, tending to establish that particular relation, from which such a presumption may, as a consequence, naturally arise.

In order to return a verdict for the defendants in this case, the jury were directed they *might presume* without any evidence to justify or support the presumption ; and they must necessarily under that direction have created, by their own *imagining*, the presumption, that Roger Birney authorized *Timothy Birney* to receive payment on, and discharge, the original contract.

The relation in which Roger and *Timothy Birney* stood, solely,

GRAND-ISLE,
January
1831.

Birney
vs.
Martin et al.

could authorize no such presumption ; and the whole tenor of the evidence, as detailed in the case, goes to negative it.    To suffer a man's rights thus to be *presumed away*, is unsettling and over- turning the whole system of the law of evidence, and putting it in the power of a jury to uproot and destroy vested rights by the *magick influence* of *uncontrolled presumption*.

We therefore insist, that this was a point wholly out of the case ; that there was no legal evidence tending to prove the fact, from which the court could have made it a point in the charge.    It gave a wrong direction to the deliberations of the jury, and the court, consequently erred in making it a point in the charge.

*Argument for the defendants.*—In this case the defendants contend, that the charge of the court below to the jury was correct, for the following reasons :

1.  If the money was paid to *Timothy Birney* as agent of  R. Birney, it was a payment to R. Birney.

2.  The question, as to the agency of *Timothy Birney* in re- ceiving the money due on the contract, was a question of fact, and properly submitted by the court to the jury, and the verdict of the jury is conclusive, as to that part, between the parties.

3.  If the Court are of opinion, that the question, as to the agency of *T. Birney*, was improperly submitted to the jury, then the defendants contend, that, from the statement of facts in the bill of exceptions, there was no evidence of an assignment of the contract except from the declarations of said *Timothy ;* and that the jury was warranted in finding, that there was no *bona fide* as- signment of the contract from *T. Birney* to R. Birney.

HUTCHINSON, C. J., delivered the opinion of the court.—The exceptions in this case present the single question, whether the charge of the court to the jury was correct.    The first part of the charge was clearly correct ; for it left to the jury the contested question, to be decided by them, upon the testimony given per- tinent to the issue.    Indeed, there is no dispute about that part of the charge, if the court had stopped there, without authorizing the jury to find for the defendants, if they could presume from the evidence, detailed in the case, that *Timothy Birney*, the plaintiff, acted as agent for Roger Birney, in which case, payment to *Tim- othy* would be payment to Roger Birney.    This might have been correct, if the issue had brought such agency in question, and there had been any testimony to prove it.    But there was nothing

of this kind in issue. The issue was upon the assignment, not upon the payment. Had the plea set up a payment to Roger Birney, and the proof had been of payment to *Timothy Birney,* there might have arisen the question, whether payment to *Timothy* was payment to Roger ; and so it would have been, if he was agent for Roger.

But, let the issue have been what it might happen to be ; let it be directly upon this agency ; yet there was no testimony about it. The judges have stated the whole testimony in their bill of exceptions ; and it is pertinent to prove the assignment, which was in issue : but there is not a sentence, which tends to prove any such agency as mentioned in the charge. It is not correct for the court to instruct the jury, that they may decide the cause upon a point not in issue. Nor is it correct to authorize them to decide in favor of the party, on whom the burden of proof lies, without some evidence tending to support the issue on his part.

The judgment is reversed and a new trial granted.

*Hunt & Beardsley,* for plaintiff.

*Allen & Perrigo,* for dedendants.