## SEWALL FULLAM v. STEPHEN CUMMINGS.[*]

When a case comes into the supreme court upon exceptions, it is to be treated as though upon a formal writ of error; and though the case be of so trifling importance that a new trial would be refused on motion, or petition, yet, if error have intervened, the judgment must be reversed.

Where the evidence, in an action of trover, shows conclusively that the title to the property claimed is in the plaintiff, it is error for the county court to submit the question of title to the jury for decision.

Whatever is the subject of exclusive legal ownership, and is lawfully possessed and claimed by any one as property, will be deemed, as matter of law, to possess value sufficient, at least, to support a legal vindication of the party's right.

A debtor, who has made copies of his creditor's account against him, may, if the creditor obtain possession of such copies, and refuse to re-deliver them to the debtor, sustain trover therefor against the creditor.

TROVER for certain copies of book accounts.  Plea, the general issue, and trial by jury.

On trial, the plaintiff, to sustain the issue upon his part, gave evidence tending to prove that he, in 1838, with the consent of the defendant, made copies of large accounts which the defendant, and the firms of which the defendant was a member, had against him, for the purpose of ascertaining whether said accounts were correct, and of making a settlement of said accounts with the defendant; that the plaintiff retained said copies in his possession for a few weeks, when the plaintiff came to him and told him he wanted to get said copies to cast the interest thereon, and the plaintiff then delivered the copies to him; that, at several times between that time and the spring of 1839, the plaintiff demanded said copies of the defendant, and the defendant refused to deliver them to him; and that the defendant soon after commenced suits on said accounts against the plaintiff, on which protracted litigation ensued.

The defendant introduced no evidence, but insisted that the

*This action was commenced originally to the county court, and, on trial, was dismissed by the court, on motion of the defendant, for want of jurisdiction; to this decision the plaintiff excepted, and the supreme court, at the February Term, 1841, reversed the judgment of the county court, and remanded the case for a new trial.

copies sued for were of no value, and that, for that reason, the plaintiff could not recover.

The court charged the jury, that, if the plaintiff owned any one, or more, of the copies sued for, he was entitled to recover the value, at the time of the conversion, of such as he owned, provided they found the papers to possess any value, with interest thereon. But that, if the copies possessed *no value*, then the plaintiff was not entitled to recover, notwithstanding the refusal of the defendant to deliver them to the plaintiff; and that, to determine whether the papers possessed any value, they were to take into consideration what the papers were, and the purposes and designs for which they were wanted.

The jury returned a verdict for the defendant. Exceptions by plaintiff.

*S. Fullam, pro se,* cited *Pierce* v. *Gilson,* 9 Vt. 216.

*C. French,* for defendant, insisted that substantial justice had been done in the case, and cited *Ross* v. *Bank of Burlington,* 1 Aik. 43; *Dixon* v. *Parmele,* 2 Vt. 185; *Bullock* v. *Beach et al.,* 3 Vt. 73; *Dodge et al.* v. *Kendall,* 4 Vt. 31; *Houghton* v. *Slack,* 10 Vt. 520; *Knapp* v. *Winchester,* 11 Vt. 351; *Kirby* v. *Mayo,* 13 Vt. 103.

The opinion of the court was delivered by

ROYCE, J. This case is brought here on exceptions to the charge of the judge. The charge, in substance, was, that if the plaintiff owned the paper in question, and it was of any value, he was entitled to recover such value with the interest; but if he did not own it, or if it was of no value, he could not recover. Under this charge the jury returned a verdict for the defendant.

The case would seem to be of such trifling importance, that a new trial would probably be refused upon motion or petition. But it has long been settled, that when a case is brought into this court by exceptions, we are to treat it as we should upon a formal writ of error. It is therefore our duty to determine the correctness of the charge, as applicable to the case stated in the bill of exceptions.

If it was intended to leave the jury at liberty to find a title to the paper in the defendant, or any third person, the charge was errone-

ous, on the ground that nothing appears in the case which tends at all to show any such title. *Binney* v. *Martin*, 3 Vt. 236. The circumstances, under which the defendant obtained possession of the paper, go directly to negative any rightful claim on his part. It must have belonged to the plaintiff, if it was susceptible of legal ownership; for he had not abandoned it as worthless, nor was any other person entitled to it. That it might be the subject of property admits of no doubt. And if the jury were left at liberty to decide otherwise, they were entrusted with a question of strict law not proper for their consideration. It follows that upon the subject of title to the paper the charge was erroneous.

It is urged that the question as to the value of the paper was one of fact merely, and that the verdict has therefore conclusively negatived the plaintiff's cause of action. And as the attention of the jury was properly directed to those considerations which tended to show the importance and value of the paper to the plaintiff, I should be willing to acquiesce in this conclusion, were it certain upon the record that the verdict was predicated upon the want of value. But since a supposed want of title in the plaintiff may alone have determined the issue against him, the judgment of the county court must upon that ground, if no other, be reversed. I should add, however, that the court would be disposed to hold, as matter of strict right, that whatever is the subject of exclusive legal ownership, and is lawfully possessed and claimed by any one as property, should be deemed to possess value sufficient, at least, to support a legal vindication of the party's right.

Judgment reversed.