NEWTON BRADLEY, Plaintiff in Error, *vs.* DAVID GAMELLE and SOPHIA GAMELLE, Defendants in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Replevin will lie against a Defendant who has the control of the property, the possession of which is sought to be recovered, although the actual custody of it is in another. A demand and refusal under such circumstances, is sufficient evidence of a wrongful detention.

Where the owner of Sioux half-breed scrip is wrongfully deprived of the same, he may recover the value of the same to him, although the scrip being unassignable is valueless in the hands of third persons, and notwithstanding duplicates might be obtained from the Land Office at Washington on proof of loss of originals. A wrong doer will not be permitted to assert such a defence.

The Defendants in Error, Plaintiffs below, sued the Plaintiff in Error for detaining certain Sioux half-breed Lake Pepin Reserve scrip, alleging a demand and refusal. The Defendant denied that he ever had possession of the scrip, or ever detained the same.

The case was tried by James Gilfillan, Esq., as Referee.

The evidence showed that the scrip was in the possession of one Hurlbut, of St. Anthony. That he sent it down to the Defendant to sell, the Defendant acting as the mere servant of said Hurlbut, and without commission or any other pay. That so soon as Defendant received the scrip, he gave it to one H. L. Lambert to sell. That on the morning of the 31st March, Plaintiffs met Defendant in Lambert's office—Lambert then having the scrip, for the purpose of executing some papers about the scrip. No claim or demand was then made by the Plaintiffs. The Plaintiffs refused to sign the papers. In the afternoon Mr. Lambert met Mr. Bradley, the Defendant, in the office of one Caldwell, when Lambert gave the scrip to Defendant, who immediately handed the scrip to Mr. Caldwell for the owner, Mr. Hurlbut, of Minneapolis, subject to his order. See evidence of Defendant in case. The Defendant was here asked:

"At the time you handed the scrip to Mr. Caldwell, what did you say to him concerning it?"

This question was objected to by the Plaintiff below as incompetent. The objection was sustained, and the Defendant excepted. This delivery of the scrip to Caldwell occurred about 4 P. M. About 6 P. M., David Camelle, in company with an officer, having summons and complaint all ready, called at the residence of Mr. Bradley and demanded the scrip. Mr. Bradley said "What scrip?" Gamelle then said, "The scrip in Lambert's office." Bradley again said "He had not got it—that the scrip did not belong to him."

That was all the conversation, and that is all the evidence there was of any detention or conversion by Bradley. The summons and complaint were then immediately served.

On the question of value, one witness, a Mr. French, swore that the scrip was worth $500, but stated that it was not assignable, and that its value was derived solely from transferring it by powers of attorney to locate and convey, and that the value was, in reality, the value of the land which it gave the right to enter. That aside from the value of the land the scrip had no value. The Defendant, Bradley, testified to the same. The referee reported for the Plaintiff, assessing the value at $500, and awarded an alternative judgment. The Court below overruled a motion for a new trial. Judgment was entered on the report, and the Defendant sued out his writ of error.

Points and Authorities of Plaintiffs in Error.

I.—The action is claim and delivery of personal property under the Code, with an allegation of a wrongful detention only.

No detention was proved. It will be observed that the action for a claim and delivery of personal property, under the Code, is a combination of the old common law actions of replevin and detenue, or of the old New York actions of replevin in the cepit and detinet.

Replevin is founded on a wrongful taking, and the action could only be commenced by the issuing of a writ of replevin,

and the taking the property *in limine,* and the Plaintiff retained the property *pendente lite.*

In detenue, on the contrary, the property was not taken *in limine,* but the Plaintiff, if he succeeded, had a judgment for its recovery. *See Gilbert on Replevin, pp.* 21, 66, 170–1, 160 *and* 164.

And the gist of the action was the wrongful detention. 1 *Chitty,* 121–2; *Kelsey vs. Griswold,* 6 *Barb.,* 436.

A demand and refusal is not a conversion, but merely an evidence of it. *Hill vs. Covill,* 1 *Comstock,* 522.

II.—If it were not so sufficiently proved, then the referee erred in refusing to permit the Plaintiff in Error to show his directions to Caldwell at the time he delivered him the scrip, so as to show that he really retained no control over it. By his present decision the referee has held that the scrip was, at the time of the demand, under the control of the Plaintiff in Error, and refused to allow him to show that it was not under his control. Nor is the force of these positions at all lessened by the reasoning of the Court in the motion for a new trial.

III.—The referee and the Court erred in assessing the value of the scrip at more than a nominal value.

ALLIS & PECKHAM, of Counsel for Plaintiff in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J.—Replevin for Sioux half-breed scrip. The scrip was issued to Sophia Felix, previous to her marriage with David Gamelle. It is, upon its face, and by the act of Congress under which it issued, not assignable. It came into the hands of one Hurlburt, of Minneapolis, who sent it to Defendant to sell for him. The Defendant left it with one Lambert to sell for Hurlburt. While it was in the custody of Lambert, Gamelle and his wife were sent for to execute certain papers concerning it. They met the Defendant, Bradley, at Lambert's office, on the 13th day of April, 1861, and in conversation about the scrip refused to sign the papers. Bradley then took the scrip from Lambert,

and delivered it to Caldwell for Hurlburt, subject to his order. This occurred about four o'clock P. M., on the 13th of April. About six o'clock P. M. of the same day, Gamelle went to the residence of the Defendant, and demanded the scrip of him. Bradley answered, " What scrip ? " Gamelle said, " The scrip in Lambert's office." Bradley said " He had not got it, that the scrip did not belong to him." This suit was immediately commenced by the service of the summons and complaint.

Replevin being for the recovery of the thing claimed, and not its value, can only be maintained against a Defendant, who at the time of the commencement of the action has the possession of the subject matter, and is capable of complying with the prayer of the complaint. If the property has passed beyond the control of the Defendant, then trespass, trover, or some action aimed at a recovery of its value is the proper remedy. In this case, the proof shows that the Defendant had delivered the scrip to one Caldwell for Mr. Hurlburt, subject to the order of the latter. As long as the scrip remained in the hands of Caldwell under such deposit, the Defendant had the right to reclaim it in the same manner that Hurlburt could have reclaimed it from him at any time before he had disposed of it. It was therefore clearly under the control of the Defendant, although in the hands of Caldwell, and in such case replevin will lie upon a refusal to deliver it to the real owner, or person entitled to the immediate possession of it.

The Defendant had sworn on the trial that he had delivered the scrip to Caldwell for Hurlburt, subject to his order, and was then asked what he said to Caldwell at the time he handed the scrip to him. This evidence was objected to and excluded. We can see no error in this ruling. Having himself stated the character and terms of the deposit, it could avail nothing to prove the exact words in which he made it. It was not proposed to show that the deposit was in any manner different from what the Defendant had sworn that it was; it stood in the best light for him. The testimony therefore was not important. The referee was fully justified in finding as the evidence stood, that the scrip was under the control of

the Defendant, but a very short time had elapsed since its delivery to Caldwell, and the presumption was strongly that it still remained in his hands when the demand was made. If it had passed beyond the control of the Defendant, by delivery to Hurlburt, or otherwise, it was for the Defendant to show it. The Plaintiff had made a case against him by the facts proved when he rested, and it devolved upon the Defendant to relieve himself if he could.

On the question of value we think the referee held properly. It is true the scrip was not assignable, and that it was not available in the hands of parties other than the Plaintiffs, and that they could have obtained duplicates had they been deprived of it. Yet is it in the power of a wrong doer to say that the Plaintiffs must resort to such means for redress? We think not. They owned the scrip ; it was worth to them a certain sum ; the Defendant deprived them of it, and it is not for him to say that because it is of no value to him, it is no loss to them.

Judgment affirmed.

ATWATER, J.—Motion for re-argument. The motion or petition sets forth certain facts showing that the Plaintiff in Error has taken steps at the earliest time after notice of the decision of this Court, to bring this cause before the Court for a re-hearing. He also sets up that this Court has probably committed an error in the decision of the cause, stating wherein the error consists, and that the point involving the error was not fully presented to the Court upon the former hearing.

In this the counsel is mistaken. The case was fully argued to this Court, in all its aspects, including the alleged ground of error. And the Court in its consideration of the case, examined the views then and now presented in this behalf, and came to the conclusion stated in the opinion on file, in view of all the facts and principles of law bearing on the case. The petitioner therefore does not bring himself within the rule laid down in *Derby & Day vs. Gallup*, 5 *Minn.*, 119, and the motion or petition for a re-argument must be denied.

The petitioner further asks, that if a re-argument be refused,

the Court will grant a special stay of all proceedings on the part of the Defendants in Error, upon the judgment in this cause, during the pendency of said cause on writ of error to the Supreme Court of the United States, provided such writ of error shall be sued out within ten days from the determination of this application, or such other time as the Court may specify, the petitioner giving such security as the Court shall direct. No facts are stated as a ground for the interposition of the Court in favor of the Plaintiff in Error in this behalf. It is not stated that the Defendant in Error is insolvent, nor that, in case of a reversal of the judgment of this Court, the Plaintiff in Error cannot recover any damages, which may be adjudged in his favor by the court of review, nor even that the Defendant in Error was proceeding to enforce, or threatened to enforce against the Plaintiff in Error the judgment for the value of the scrip. In *Derby & Day vs. Gallup,* above cited, this Court granted a stay of proceedings pending a writ of error to the Supreme Court of the United States, it appearing that the Respondent in that case was proceeding to enforce his judgment in the State of Missouri against the property of the Plaintiffs in Error, and it also appearing to this Court, that the Respondent was irresponsible, or at least, that there was a strong probability that the Appellants would not be able to collect of the Respondent any judgment which they might obtain against him in the Supreme Court of the United States. This Court would not be justified in interfering with the proceedings of a party upon a judgment in his favor, obtained by due course of law, except some cogent reasons of this kind are presented to the Court, as a ground for the relief demanded.

The motion for a re-argument and stay of proceedings is denied.