## LOVELESS *vs.* FOWLER, administrator.

1. A sale on credit by an agent in possession of the goods, and authorized to sell for cash only, is not a conversion—certainly not unless it appear that the purchaser had notice of the limitation in the agent's instructions.
2. The proper remedy against such agent is not trover, but an action on the case for violation of instructions, or breach of contract.
3. Unless an actual conversion by a bailee be shown, an action of trover against him will not lie without a previous demand for the goods, and failure to redeliver.
4. Where the parties to an action of trover brought by bailor against bailee, went to trial on a statement as to what evidence the plaintiff would introduce and on which he based his right to recover, which statement was that the goods (of the alleged value of $1,156.43) were delivered by plaintiff to defendant to be sold for cash, and plaintiff and defendant were to divide the profits, and the goods not sold were to be redelivered to plaintiff, and that plaintiff proposed to prove only that defendant sold a part of the goods and sold them for credit and paid plaintiff for a portion of them, and there can be no identification of the goods sold or not sold, but plaintiff can only show that goods were turned over to defendant:

*Held*, that this statement conceded that plaintiff could prove the facts recited therein, and them only, and was a virtual admission that no demand for the goods or any of them prior to the institu-

tion of the suit could be established; and the object of the statement being, that the court might determine the law arising upon the recited facts as though they alone were in evidence before the jury, there was no error in ordering a nonsuit.

April 7, 1887.

Principal and Agent. Trover. Conversion. Bailments. Practice in Superior Court. Nonsuit. Before Judge Estes. Hall Superior Court. August Term, 1886.

Reported in the decision.

W. S. PICKRELL; G. H. PRIOR; J. M. TOWERY; W. F. FINDLEY, for plaintiff in error.

W. C. HOWARD; CLAUD ESTES, for defendant.

BLECKLEY, Chief Justice.

There was a bailment of goods to be sold for cash. The bailee sold a part on a credit, and a part remained unsold. He paid the bailor for a portion of them. The bailor then brought trover against him, requiring bail under the statute applicable to such actions. Pending the action, the defendant died, and his administrator was made a party. The alleged value of the stock was $1,156.43, but how much was sold, unsold or paid for does not appear.

1. There was authority to sell, and that being so, the sale on a credit was a mere violation of instructions as to the terms of sale. Such a sale would pass title unless the purchaser knew of the violation of instructions, and a sale which passes title is not a conversion, though it may be an abuse of authority. It is like selling at a less price than that named in the agent's instructions. The broker's case, *Clark & Nunnally vs. Cumming & Co.*, 77 *Ga.* 64, is not in point. A sale on credit by an agent in possession of the goods, and authorized to sell for cash only, is not a conversion—certainly not unless it appear that the pur-

chaser had notice of the limitation in the agent's instructions.

2. The proper remedy against such agent is not trover, but an action on the case for violation of instructions, or breach of contract. And in the present instance the class of remedy is material, for in trover bail is requirable, but in an action for breach of contract or for disobeying instructions it would not be.

3. Ruling as we do that the credit sale was not a conversion either of the whole stock or the part sold, and no demand appearing as having been made prior to the commencement of the action, we see no evidence in the record of any conversion at all on which to base a recovery. Unless an actual conversion by a bailee be shown, an action of trover against him will not lie without a previous demand for the goods, and failure to redeliver.

4. In the argument here it was said that a demand could and would have been proved, had the court not prematurely granted a nonsuit on the agreed statement of facts. We are thus called upon to construe the statement, so as to see whether the court below interpreted it correctly. The parties went to trial on a statement as to what evidence the plaintiff would introduce and on which he based his right to recover, which statement was that the goods (of the alleged value of $1,156.43) were delivered by plaintiff to defendant to be sold for cash, and plaintiff and defendant were to divide the profits, and the goods not sold were to be redelivered to plaintiff, and that plaintiff proposed to prove only that defendant sold a part of the goods and sold them for credit and paid plaintiff for a portion of them, and there can be no identification of the goods sold or not sold, but plaintiff can only show that goods were turned over to defendant. This statement conceded that plaintiff could prove the facts recited therein, and them only, and was a virtual admission that no demand for the goods or any of them prior to the institution of the suit could be established; and the object of the statement be-

ing, that the court might determine the law arising upon the recited facts as though they alone were in evidence before the jury, there was no error in ordering a nonsuit.

Judgment affirmed.