ELIAS F. DRAKE *vs.* MAURICE AUERBACH and others.

December 9, 1887.

Vouchers—Title—Delivery for Inspection.—Pending a dispute over the cost of constructing a building, plaintiff, at defendants' request, furnished them with certain vouchers, a general statement of expenditures, and an affidavit of its correctness made by his book-keeper. *Held*, that these papers were so furnished for inspection only, and that defendants did not become owners thereof.

Same—Replevin—Proof of Value.—In claim and delivery, the value of such property cannot be determined by the ordinary rule of market value. It is not error to permit a jury to consider the owner's estimate of its worth to him.

*Replevin.* The action was brought in the district court for Ramsey county, and tried before *Kelly*, J., and a jury, and plaintiff had a verdict, the jury assessing the value of the property at $158. Defendants appeal from an order refusing a new trial.

*Warner & Lawrence,* for appellants.

*Young & Lightner*, for respondent.

COLLINS, J. Plaintiff contracted with defendants to erect, for their use, a business house in the city of St. Paul, for which defendants were to pay, as rent, a certain per cent. of its cost. After taking possession of the premises, a dispute arose between the parties as to the cost of construction, and defendants demanded that plaintiff furnish to them his vouchers. This plaintiff claimed he could not do, alleging that they had been destroyed by fire; but he complied—so far as he could—by procuring and delivering seven new or duplicate vouchers, a general statement of expenditures, (which had been in defendants' possession before,) and an affidavit by one Zollman, who had kept plaintiff's books, as to its correctness. Thereafter, and pending the controversy over the rent, plaintiff demanded a return of all these documents, which was refused. He then brought an action of claim and delivery.

The appellants' counsel urges that these papers were simply information demanded by defendants for their exclusive use, of which they cannot be deprived; but the position cannot be maintained. They were already in possession of information as to the cost of the structure, but insisted upon something more tangible,—upon examining plaintiff's vouchers, receipts, written evidences of his alleged expenditures. These were furnished, and when delivered were plaintiff's property, and to him of more or less value, dependent wholly upon circumstances. The letter accompanying said delivery was one of transmittal only, in which we find no indication of plaintiff's intention to part with the exhibits, except for inspection and to further a settlement of the controversy over the rent.

But one further point need be discussed. The appellants claim that the testimony is wholly insufficient to warrant the jury in fixing the value of the property at the sum specified in the verdict. These papers have no market value, and the customary rule in replevin cannot be adopted when measuring their worth. They have a peculiar value to plaintiff, governed largely by his needs and the purposes for which they may be utilized. In such cases, as in actions for conversion of property of a like character, much must be left to the sound discretion of the jury, and it is not error to allow the owner to recover

their value to him, even if they are of trifling value to others. *Bradley* v. *Gamelle*, 7 Minn. 260, (331;) *Stickney* v. *Allen*, 10 Gray, 352. We see no reason to criticise the conclusion of the jury upon this point, especially when we reflect upon the fact that, when presented with the execution, defendants can satisfy its demands by surrendering possession of the property and paying the costs.

Order affirmed.