### STATE v. TIMOTHY M. SCANLAN.[1]

May 8, 1903.

Nos. 13,454—(30).

**Larceny.**

    A "receipted voucher" may be the subject of larceny under the Penal Code of this state.

Defendant was indicted in the district court for Hennepin county of the crime of grand larceny in the second degree. A demurrer to the indictment being overruled, the court, Harrison, J., certified to the supreme court for its determination the questions set forth in the opinion. Case remanded for further proceedings.

*W. B. Douglas*, Attorney General, *F. H. Boardman*, County Attorney, and *C. S. Jelley*, Assistant County Attorney, for the State.
*Samuel A. Anderson* and *Mart M. Monaghan*, for defendant.

COLLINS, J.

The defendant was charged, by an indictment duly returned against him, of the crime of grand larceny in the first degree. The property alleged to have been stolen was described as composed of certain "files of papers"; also "claims made by" certain persons against the Minneapolis & St. Louis Railroad Company; and also certain "bills, being claims" made against the railroad company; and also "one receipted voucher, number 15,315, in favor of" another company, but made by the railroad company; the value of each of these articles being separately stated, and

---

1 Reported in 94 N. W. 686.

amounting in the total to $2,616.15, "a more particular description of said property being to the grand jury unknown." It was also alleged that these articles were the property of, and were feloniously taken from the office of, the railroad company; the room being specifically designated and described.

A general demurrer was interposed to the indictment, and upon the argument it was urged that it did not describe any property or thing coming within the definition of personal property as found in the Penal Code.

Upon overruling the demurrer, the court below certified three questions to this court:

"First. Whether the indictment describes any property or thing coming within the definition of personal property.

"Second. Whether a receipt or receipted voucher is personal property that can be the subject of larceny.

"Third. Whether said indictment does state facts sufficient to constitute a public offense."

G. S. 1894, § 6842, provides that, in construing the Penal Code, certain rules must be observed, except when a contrary intent is plainly apparent from the context thereof. The fifteenth subdivision of this section prescribes that

"The term 'personal property' includes every description of money, goods, chattels, effects, evidences of rights in action, and all written instruments by which any pecuniary obligation, right, or title to property, real or personal, is created. acknowledged, transferred, increased, defeated, discharged or diminished, and every right and interest therein."

Now, it would seem clear to the ordinary mind that, of the articles described in this indictment, a receipted voucher, which necessarily shows the amount agreed upon as due, and is an acknowledgment of its payment, is a written instrument by which a pecuniary obligation is not only created and acknowledged, but is also defeated and discharged. It is proof of a debt—of an obligation conceded. It is evidence of an amount of money due thereon, and it defeats and discharges the amount of money admitted to be. due. As argued by the Attorney General, a voucher is a written instrument by which a pecuniary obligation is acknowledged and

created, and, when receipted, an instrument by which such an obligation is defeated and discharged.

The indictment sufficiently charges the commission of the crime of grand larceny in the first degree, and also in the second degree, because it is alleged that property of a certain value was taken from the office of the railroad company; the presumption being, in the absence of an allegation to the contrary, that it was taken in the daytime. Again, the property alleged to have been taken were articles of some value and kind, and therefore within the description of property subject to larceny, as specified in the first subdivision of section 6709. In the absence of a statutory regulation, the market value of any article stolen is deemed its value. Section 6727. But it is not necessary that it should have a market value in order to be the subject of larceny, nor is it necessary to prove the market value. Section 6725 provides for ascertaining the value of a written instrument, without market value, which has been stolen. See, as bearing upon the sufficiency of the indictment, State v. Brin, 30 Minn. 522, 16 N. W. 406; State v. Wilson, 95 Iowa, 341, 64 N. W. 266; People v. McGrath, 5 Utah, 525, 17 Pac. 116; Commonwealth v. Riggs, 14 Gray, 376; Commonwealth v. Lawless, 103 Mass. 425. It has been held in this court that claim and delivery will lie to recover papers which have no market value, and where the customary rule could not be adopted when estimating their value, and, further, that it was not error to allow the owner to recover their value to him, even if they were of trifling value to others. Drake v. Auerbach, 37 Minn. 505, 35 N. W. 367.

Counsel for the defendant has relied upon the cases of People v. Bradley, 4 Parker, Cr. Rep. 245; People v. Griffin, 38 How. Pr. 475. In the first of these cases one of the lower courts held that a simple receipt was not the subject of larceny under a code provision similar to section 6842, subd. 15; and this opinion seems to have been based upon the ground that it is an actual payment which discharges a debt, that a simple receipt does not so discharge it, and that such a receipt has no active operation, but is simply evidence of payment. What this court would hold if that exact question was before us is not here, and therefore imma-

terial. The decision in the Griffin case was based upon People v. Bradley, and adds nothing to the force of that opinion. For the purposes of this case, it is not important for us to express any opinion as to the sufficiency of that portion of the indictment which describes, as part of the property stolen, certain files of papers and claims and bills.

Answering the first question, we hold that the indictment sufficiently described an article of value which comes within the definition of personal property; to the second question, that a receipted voucher is personal property which can be the subject of larceny; and, third, necessarily, that the indictment stated facts sufficient to constitute a public offense.

Case remanded for further proceedings in the court below.