## VAUGHN *v.* WRIGHT.

1. Where a petition in an action of trover alleges that the defendant is in possession of the property sued for, and it does not appear that he lawfully acquired the possession, it is not necessary to allege that the plaintiff, before the suit was brought, demanded possession of the defendant and that he refused to comply.

2. Trover may be maintained for the wrongful conversion of every species of personal property which is the subject of private ownership, and which belongs to the plaintiff and is of some value to him, though it may have no commercial value. Accordingly, trover lies for the recovery of tax receipts alleged to be of value to plaintiff.

APRIL 18, 1913.

Trover. Before Judge Daniel. Monroe superior court. February 3, 1912.

*R. L. Williams Jr.,* for plaintiff.

*Willingham & Willingham,* for defendant.

FISH, C. J. On August 7, 1911, Nettie Vaughn brought trover and bail against Frank Wright. The substance of the petition, so far as now material, was as follows: Defendant is in possession of three tax receipts given by Hill, as tax-collector of Monroe county, to Lloyd, and transferred by him to plaintiff. The "receipts were given for money paid as taxes on Monroe county, Georgia, property." One was for $21.97 for taxes for 1901; another was for $17.80 for taxes for 1902; and the other for $33.20 for taxes for 1903. Plaintiff "claims title to aforesaid property." Defendant refuses to deliver the receipts to plaintiff, or to pay her the value thereof. The receipts "are worth their face value, that is, the amounts for which they were given, plus the interest at 8% that has accumulated since they were given to the present time, that is, $72.91 and $51.00 interest." The petition was demurred to on several grounds. The demurrer was sustained, and the plaintiff excepted.

Counsel for the defendant concede in their brief that the demurrer raised only two material questions, viz.: (1) Did the peti-

tion allege a demand for the property, made on the defendant before the institution of the action? (2) Was the subject-matter of the suit such things of value as that trover would lie for their recovery.

1. On the trial of an action of trover it is not necessary to prove any conversion of the property, where the defendant is in possession when the action is brought. Civil Code, § 4483. The purpose of proving a demand by the plaintiff, and a refusal by the defendant, to deliver the property for the recovery of which trover is brought, is to show a conversion. *Grant* v. *Miller,* 107 *Ga.* 804 (33 S. E. 671). And where it appears that the defendant was in possession of the property at the time the action was instituted, and it does not appear that he lawfully obtained the possession, it is not necessary to prove a demand and refusal prior to the suit; it has been held to be otherwise however, if the defendant was lawfully in possession of the property and no actual conversion was proved. *Loveless* v. *Fowler,* 79 *Ga.* 134 (3), 136 (4 S. E. 103, 11 Am. St. R. 407); *Baston* v. *Rabun,* 115 *Ga.* 378 (41 S. E. 568). The petition in the case at bar alleged the defendant to be in the possession of the property, and it did not appear that he lawfully obtained the possession. It follows, therefore, that it was not necessary to allege that before the suit was brought the plaintiff had demanded the property of the defendant, and that he had refused to deliver it.

2. Were the tax receipts for which the action was brought such things of value as could be recovered in trover? Trover may be maintained for the wrongful conversion of any species of personal property which is the subject of private ownership, where the person instituting the suit is the owner of such property and entitled to the possession thereof. *Graham* v. *Smith,* 100 *Ga.* 434 (28 S. E. 225, 40 L. R. A. 503, 62 Am. St. R. 323); 28 A. & E. Enc. Law, 647. In *Long* v. *McIntosh,* 129 *Ga.* 660 (59 S. E. 779, 16 L. R. A. (N. S.) 1043, 12 Ann. Cas. 263), it was held: "Trover may be maintained by the maker of a negotiable promissory note against the payee after the same is fully paid, if the payee, having the note in his possession, refuses to deliver it to the maker upon demand, or if, after payment, the payee disposes of the note." In the opinion it was said: "The contention that trover will not lie for a promissory note after payment is based

47

on the idea that it is no longer of value. This, we think, is not sound in principle. . . After maturity, or even after payment, it is still valuable as evidence. If suit should be brought upon it, the production of it by the payee or transferee would make a prima facie case, if it were not cancelled. On the other hand, its possession by the maker would be valuable evidence to show payment. So that a note, even after payment, has a value as evidence. It is property and valuable to the owner, although it may not have a market value. In *Moody* v. *State, 127 Ga.* 821 (56 S. E. 993), a written notice which was fastened to a telegraph pole and which warned trespassers against hunting or fishing on land, was held to be property which might be the subject of malicious mischief. Suppose, instead of a promissory note, upon payment of the debt the debtor should receive a receipt, and this should be stolen or wrongfully converted, would there be any doubt of its value as evidence, and that the owner might recover it in an action of trover? In Fullam *v.* Cummings, 16 Vt. 697, it was held that where a debtor had made copies of his creditor's accounts against him, and the creditor had got possession of such copies and refused to redeliver them, the debtor might bring àn action of trover therefor." It was further said: "But where it [the note] has been paid, its amount will furnish no measure of damages. In that event, the damages recoverable would be those actually resulting from the conversion; and if a money verdict was asked and no special damages shown, probably the damages recoverable would be nominal." There are a number of cases wherein it has been held that articles of no commercial value may be recovered in trover. Among such cases are the following: Earle *v.* Holderness, 6 Barn. & Cress. 462, where a batch of letters was recovered in trover; so in Clendon *v.* Dinneford, 5 C. & P. 13, a recovery in trover for nominal damages was allowed for the conversion by the defendant of certain letters written to the plaintiff by a young lady to whom he was paying his addresses, and also two. books containing his answers to such letters "and other observations." Again in Oliver *v.* Oliver, 11 C. B. (N. S.) 139, it was held that the receiver of a letter has a sufficient property in the paper upon which it is written to entitle him to maintain detinue for it against the sender, into whose hands it has come as a bailee. The Supreme Court of the United States, in Teal *v.* Felton, 12 How. 284 (19

Curt. 136, 13 L. ed. 990), held that where a postmaster refused to deliver a newspaper upon which there was an "initial," unless the person to whom it was addressed would pay letter postage, the postmaster was liable in an action of trover. In Drake *v.* Auerbach, 37 Minn. 505 (35 N. W. 367), it appears that pending a controversy between the plaintiff and defendants over the cost of constructing a building by plaintiff for defendants, they requested that he furnish to them his vouchers, which he could not do, as they had been destroyed by fire. He procured, however, duplicate or copy vouchers, which he delivered to them, together with a general statement of expenditures, and an affidavit of its correctness by his bookkeeper. Upon refusal of the defendants to return all of these documents to the plaintiff, it was held that he was entitled to recover the same in an action of claim and delivery, which is a modification of the common-law action of replevin. In the opinion it was said: "These papers have no market value, and the customary rule in replevin can not be adopted when measuring their worth. They have a peculiar value to plaintiff, governed largely by his needs and the purposes for which they may be utilized. In such cases, as in actions for conversion of property of like character, much must be left to the sound discretion of the jury and it is not error to allow the owner to recover their value to him, even if they are of trifling value to others." The court cited the case of Bradley *v.* Gamelle, 7 Minn. 331, wherein it was held: "Where the owner of Sioux half-breed script is wrongfully deprived of the same, he may recover the value of the same to him, although the script, being unassignable, is valueless in the hands of third persons, and notwithstanding duplicates might be obtained from the land office at Washington on proof of loss of the original. The wrong-doer will not be permitted to assert such a defense." Our statutory action of trover lies where detinue, replevin, or trover lay at common law. *Delaney* v. *Sheehan,* 138 *Ga.* 513 (75 S. E. 632).

We have no hesitancy in holding, both upon principle and authority, that, under the allegations of the petition in the case at bar, the plaintiff was entitled to recover the tax receipts for which the action was brought. While we do not perceive how such receipts have any face value, or why they should be worth the amounts which they indicate were paid as taxes, the fact that they may be

overvalued in the petition does not necessarily indicate that they are of no value to the plaintiff, even though they may have no commercial value. According to the petition the receipts were the property of the plaintiff. They were of some value to her. They were in possession of the defendant when the suit was brought. Plaintiff desired to obtain possession of them. Defendant refused to deliver them to her, and, in our opinion, she was undoubtedly entitled to recover them. Accordingly, the court erred in sustaining the demurrer to the petition and in dismissing the case.     *Judgment reversed. All the Justices concur.*