34195. WOOD *v.* SANDERS *et al.*

DECIDED SEPTEMBER 26, 1952—REHEARING DENIED OCTOBER 17, 1952.

*William A. Thomas,* for plaintiff in error.

*Wright, Oxford & Love,* contra.

SUTTON, C.J. The question for consideration here is whether there was evidence to support the finding of the trial judge, before whom the case was tried without a jury, in favor of the defendants. According to the allegations of the appeal in the Civil Court of Fulton County, which were certified as true by

the trial judge, he rendered his judgment for the defendants because he found that they were gratuitous bailees and that there had been no conversion in the case. Insofar as his finding of a gratuitous bailment established that the defendants had lawfully obtained possession of the goods, the plaintiff can raise no complaint, for she alleged in her petition that the defendants were in possession of the goods, and the plaintiff testified that she placed her property at the defendants' house, and had it put in the shed there.

The main and controlling issue on the trial was whether or not there had been a conversion of the plaintiff's property by the defendants. While it is provided by Code § 107-101 that it shall not be necessary to prove a conversion of the property in an action of trover where the defendant is in possession when the action is brought, this rule does not apply where the defendants' possession was lawfully acquired. In the present case, the defendants disclaimed title to the property sued for in their plea, and, as they had lawfully acquired possession of the property as bailees, it was necessary for the plaintiff to prove an actual conversion of the goods or a demand for and a refusal to redeliver them. "Unless an actual conversion by a bailee be shown, an action of trover against him will not lie without a previous demand for the goods, and failure to redeliver." *Loveless* v. *Fowler,* 79 *Ga.* 134, 136 (4 S. E. 103). *Baston* v. *Rabun,* 115 *Ga.* 378 (41 S. E. 568); *Vaughn* v. *Wright,* 139 *Ga.* 736 (1) (78 S. E. 123, 45 L. R. A. (N. S.) 785, 32 Ann. Cas. (1914B), 821); *Sappington* v. *Rimes,* 21 *Ga. App.* 810 (1) (95 S. E. 316); *Carter* v. *Spiegel, May Stern Co.,* 45 *Ga. App.* 754 (6) (166 S. E. 34).

The evidence in the present case showed that the plaintiff, in August, 1948, placed the goods sued for in a shed or garage behind the defendants' house, with the defendants' permission to leave them there until she could find another place to live. The plaintiff had about 13 boxes of her articles put in the shed by movers; she did not give the defendants a list of the articles and did not check them in with the defendants, and the defendants did not know what articles had been left. No rental or storage charges were made or paid. The plaintiff sent a truck to the defendants' shed in August, 1949, and had some (eight) of the

boxes picked up; and, according to the defendants' evidence, the plaintiff came by on a number of other occasions and picked up items of her property, although the defendants did not know what the plaintiff had gotten out of the shed.

The deputy marshal, who served the trover suit and was to have executed the bail process, testified that he went to the defendants' house, explained his presence to J. T. Sanders and Mrs. Annie Sanders, and read to them the list of the property sued for. The defendants named above told the deputy marshal that they had never had any property belonging to the plaintiff, but that there was some property that they permitted to be left in the barn which had never been in their possession. The deputy marshal did not pick up the property, as it did not appear to be in the .defendants' possession, and, upon instructions from the marshal, the deputy did not take the defendants to prison. The defendants made bond the following day. There was nothing in this conduct of the defendants inconsistent with the rights of the owner of the property, such as would amount to a conversion of the property.

While the plaintiff testified that she had asked the defendants for the remainder of her property, but had never gotten back the items sued for, her testimony did not show a positive refusal to redeliver by the defendants, and the defendants testified that they had repeatedly asked the plaintiff to take away her property, but that she had not done so, and that they had never refused to let her get her property out of the shed. The trial judge was authorized to find that there had been no demand by the plaintiff for her property and no refusal by the defendants to deliver it to her, such as would have been evidence of a conversion. Accordingly, the trial judge's finding that there had been no conversion by the defendants was supported by the evidence, as was his finding in favor of the defendants.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the trial judge's refusal to grant a new trial.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment for the reason that in my opinion the defendants never had possession of any of the plaintiff's property.