## 37544. BUICE *v.* CAMPBELL.

QUILLIAN, Judge. 1. "In trover the gist of the action is conversion, which is 'an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation.' *Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372, 373 (60 S. E. 849) ; *Lucas* v. *Durrence,* 25 *Ga. App.* 264 (1) (103 S. E. 36)." *Wood* v. *Frank Graham Co.,* 91 *Ga. App.* 621, 622 (86 S. E. 2d 691).

2. In a trover suit the plaintiff must show a conversion on the part of the defendant. Refusal to surrender the property on demand does not constitute conversion, but is evidence thereof. Such a demand and refusal is necessary to the maintenance of an action in trover where the property came into the defendant's hands lawfully, unless it otherwise appears that

there was an actual conversion prior to the bringing of the suit; and, "Unless an actual conversion by a bailee be shown,' an action of trover against him will not lie without a previous demand for the goods, and failure to redeliver. *Loveless* v. *Fowler*, 79 *Ga.* 134, 136 (4 S. E. 103). *Baston* v. *Rabun*, 115 *Ga.* 378 (41 S. E. 568); *Vaughn* v. *Wright*, 139 *Ga.* 736 (1) (78 S. E. 123, 45 L. R. A. (NS) 785, 32 Ann. Cas. 1914B 821); *Sappington* v. *Rimes*, 21 *Ga. App.* 810 (1) (95 S. E. 316); *Carter* v. *Spiegel, May Stern Co.*, 45 *Ga. App.* 754 (6) (166 S. E. 34)." *Wood* v. *Sanders*, 87 *Ga. App.* 84, 86 (73 S. E. 2d 55).

3. In an action for conversion, proof of title to the property in the plaintiff, right of possession in the plaintiff, possession in the defendant, demand for possession, refusal to surrender, and value of the property, where the plaintiff elects to take a money verdict, make a prima facie case. *Chambless* v. *Livingston*, 123 *Ga.* 257 (51 S. E. 314); *Hudson* v. *Gunn*, 20 *Ga. App.* 95 (92 S. E. 546); *Underwood* v. *Underwood*, 43 *Ga. App.* 643 (159 S. E. 725).

4. The burden of establishing by proof that there has been a conversion, like the burdens of proof as to ownership and right of possession, rests upon the plaintiff and remains upon him throughout the trial. *McLean* v. *Hattan*, 127 *Ga.* 579 (56 S. E. 643).

5. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co.* v. *Evans*, 96 *Ga.* 481 [23 S. E. 494]; *Freyermuth* v. *R. Co.*, 107 *Ga.* 31 [32 S. E. 668]; *Ray* v. *Green*, 113 *Ga.* 920 [39 S. E. 470]; *Farmer* v. *Davenport*, 118 *Ga.* 289 [45 S. E. 244]. And he 'is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.'" *Southern Ry. Co.* v. *Hobbs*, 121 *Ga.* 428 (49 S. E. 294).

6. Under an application of the foregoing principles of law to the facts of the present case, the trial court erred in finding in favor of the plaintiff, in entering judgment for the plaintiff in the sum of $320, and in overruling a timely and proper motion for a new trial, based solely on the general grounds. The defendant concedes the plaintiff's ownership of the Pontiac. The plaintiff concedes that the Pontiac was delivered to the

defendant, under a contract of bailment, to be repaired by the defendant at a cost of $50, on July 25, 1958. The plaintiff testified that within two or three days after his automobile had been left at the defendant's repair shop, he visited the shop and no repairs had been made on his automobile. On cross-examination the plaintiff testified that on none of his visits to the defendant's shop did he see that any work had been done, though it nowhere appears that he examined the automobile or looked to see if work had been performed thereon. The plaintiff testified that "subsequently" he instructed the defendant not to repair the automobile and demanded possession of it, though it does not appear when such instruction and demand were made. The defendant testified that the day after the automobile was left with him, he "roughed in" the work, which meant he straightened the doors and fenders in preparation for the final repairs, and that the automobile was fully repaired within three weeks after it had been left with him, and that when the plaintiff came for the car within two or three weeks after it had been left with the defendant, the plaintiff refused to pay the cost of repairs agreed upon. While the plaintiff testified that on his visits to the defendant's shop the automobile was not always in the same place and appeared to have been driven, the defendant testified that he had on one occasion driven the automobile to a second-hand automobile dealer in order to match certain parts needed for the Pontiac. This evidence, properly construed, shows no exercise of the right of ownership over the automobile by the defendant in hostility to the plaintiff's rights, such as to constitute a breach of the contract of bailment or to constitute a conversion, nor did the defendant's refusal to deliver the automobile to the plaintiff upon demand constitute a conversion. The defendant was entitled, under the provisions of Code (Ann.) § 67-2003 to enforce his mechanic's lien for materials furnished and labor performed on the automobile by retention of the automobile until payment had been made therefor.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED MARCH 9, 1959—REHEARING DENIED MARCH 30, 1959.

*Chas. W. Bergman, W. Owen Slate,* for plaintiff in error.
*Nolan B. Harmon, Buchanan, Edenfield & Sizemore,* contra.