38949, 38979. OLIVER v. FAIR JEWELERS, INC., OF ATLANTA *et al.;* and *vice versa.*

DECIDED SEPTEMBER 5, 1961—REHEARING DENIED
SEPTEMBER 21, 1961.

*William A. Thomas,* for plaintiff in error.

*Carpenter, Karp & Matthews, A. Tate Conyers,* contra.

NICHOLS, Judge. ■ The plaintiff's petition as amended alleged a gratuitous bailment, a demand upon the bailee, and that the bailee had sold the plaintiff's property and converted the proceeds to its own use. Under the decisions of the Supreme Court in *Merchants Nat. Bank of Savannah v. Carhart,* 95 Ga. 394 (22 SE 628, 32 LRA 775, 51 ASR 95); *Merchants Nat. Bank of Savannah v. Guilmartin,* 88 Ga. 797 (15 SE 831, 17 LRA 322); and the decisions of this court in *Caldwell v. Alma Gin &c. Co.,* 27 Ga. App. 128 (107 SE 566), and similar cases, the judgment of the trial court overruling the defendants' general demurrer was not error.

■ The plaintiff's petition alleged that the defendants sold the plaintiff's property and converted the proceeds of said sale to their own use thereby making a case wherein the plaintiff, if

the jury so found, could be entitled to punitive damages and the judgment overruling the defendants' demurrer to the allegation seeking punitive damages was not error. However, on the trial of the case the evidence did not show any sale of the plaintiff's property by the defendants nor did it show that the defendants had wilfully converted the property to their own use. Accordingly, the charge authorizing punitive damages, based on the alleged aggravation, which allegations were not supported by the evidence, was error, and the trial court's judgment granting a new trial on such ground was not error. See Southern Ry. Co. v. O'Bryan, 119 Ga. 147 (45 SE 1000), and citations.

■ In support of the usual general grounds of the motion for new trial, as well as in support of the motion non obstante veredicto, the defendants contend that the evidence, if the action is one for trover, demands a verdict for them. The trial court, in ruling on the defendants' demurrers, held that the petition was based on a gratuitous bailment, and such judgment stands unreversed. Accordingly, the question presented by the usual general grounds of the motion for new trial, is whether the evidence authorized the finding that the defendants failed to exercise even slight care for the plaintiff's property since the evidence was uncontradicted that the property was delivered to the defendants by the plaintiff.

The defendants contend that the evidence demanded a finding that the property was shipped to the manufacturer through the United States mail and that therefore a finding that it was not grossly negligent was demanded.

In Carmichael Tile Co. v. McClelland, 213 Ga. 656 (4) (100 SE2d 902), Justice Candler, speaking for the Supreme Court, said: "Where a letter is properly addressed, duly stamped, and deposited in the mail, there is a presumption that it was received. National Building Assn. v. Quin, 120 Ga. 358 (3) (47 SE 962); Bankers Mutual Casualty Co. v. Peoples Bank of Talbotton, 127 Ga. 326 (2) (56 SE 429)."

On the trial of the case, H. B. Wright, one of the defendants, and an agent and employee of the jewelry store testified that the plaintiff's property was mailed to the manufacturer. However, when he was examined with reference to the details of such mail-

ing he testified that the property was given to a porter to mail, that he had at the time of the mailing a receipt which showed such mailing but did not have it at the time of the trial. The defendants also introduced in evidence an "authorization for return of goods" from the manufacturer with instructions to ship the property to New Bedford, Massachusetts, as well as a reply from the Post Office Department dated some sixteen months after the property was delivered to the defendants showing that the manufacturer had no record of receiving the merchandise in its New York office.

The defendants' evidence did not demand a finding that the parcel was mailed so as to raise the presumption that it was received by the manufacturer, for there was no evidence that it was properly addressed, duly stamped and placed in the mail. The defendants did not produce as a witness the porter who supposedly mailed the parcel for the defendants, nor was his whereabouts accounted for. The absence of this witness, like the absence of the receipt for the mailing would authorize the jury, under *Code* § 38-119, to presume from the absence of such evidence that the porter would have testified to the contrary and that no mailing receipt existed. *Code* § 38-119 applies equally to documentary evidence. See *Davis v. Alston*, 61 Ga. 225, where an argument by counsel as to the suspicions raised by the failure to produce a receipt was held to be proper. See also *Southern Ry. Co. v. Acree*, 9 Ga. App. 104 (70 SE 352).

In as much as the jury was authorized to believe that the mailing did not take place, or if it took place it was mailed to New York when the manufacturer had authorized it to be shipped to New Bedford, Massachusetts (See *New Amsterdam Cas. Co. v. Russell*, 102 Ga. App. 597, 117 SE2d 239), the finding of the jury that the defendants, after delivery was shown without contradiction, did not carry the burden of showing no gross negligence in caring for the plaintiff's property was authorized. Therefore, the judgments of the trial court overruling the defendants' motions for new trial and for a judgment non obstante veredicto were not error.

■ The remaining special ground, which contends that the verdict as to punitive damages was so excessive as to show bias

and prejudice will not be considered in as much as this will probably not recur on another trial. See *A. C. L. R. Co. v. Studdard*, 99 Ga. App. 609, 614 (109 SE2d 523).

*Judgments affirmed. Carlisle, P. J., and Eberhardt, J., concur.*