44991. SISK et al. v. CARNEY.

SUBMITTED JANUARY 6, 1970—DECIDED MARCH 18, 1970—
REHEARING DENIED APRIL 1, 1970.

*Louis D. Yancey, Jr.,* for appellants.

*N. Forrest Montet,* for appellee.

BELL, Chief Judge. ■ The motion to dismiss the appeal is denied.

■ Defendant maintains that all the conversations between plaintiff, his wife and Jim Lingerfelt are inadmissible hearsay. With reference to the telephone conversations, the court admitted them as offered by plaintiff to explain the subsequent conduct of plaintiff, namely his visit to defendant's shop. As defendant identified Lingerfelt as his manager or agent and admitted in his own testimony that he overheard one conversation between plaintiff and Lingerfelt which he described as heated, this testimony is sufficient to establish authenticity. The conversations clearly explain the conduct of plaintiff and are admissible as original evidence and outside the hearsay rule. *Code* § 38-302. *Thruway Service City, Inc. v. Townsend,* 116 Ga. App. 379 (157 SE2d 564). As regards the statements or declarations of Lingerfelt made to plaintiff, defendant admitted that he was present, overheard the conversation, and participated in it. Although there is a conflict as to the content of Lingerfelt's declarations, under these circumstances they are admissible as being within the rules found in *Code* §§ 4-312, 38-305, 38-406, concerning the admissibility of an agent's declarations and our holding in *Speir v. Westmoreland,* 40 Ga. App. 302 (6) (149 SE 422).

■ In an action of trover where the defendant's possession was lawfully acquired, a demand for the property and a refusal to deliver must be shown by plaintiff. *Wood v. Sanders,* 87 Ga.

App. 84, 86 (73 SE2d 55). Defendant, as a bailee, acquired lawful possession of plaintiff's television. However, plaintiff's evidence of his confrontation with defendant's manager is sufficient to authorize a finding of a demand upon defendant and a refusal to redeliver the property to plaintiff. The trial court did not err in overruling the motions of defendant dealing with the issue of conversion.

■ Plaintiff in his complaint pleaded that the television set had a fair market value of $100 and prayed for $100 general damages. We construe this part of plaintiff's pleading as an election by plaintiff to accept an alternative verdict for the value of the property. Code § 107-105. In a suit based on conversion, the plaintiff must show, among other things, the value of the property. Buice v. Campbell, 99 Ga. App. 334 (3) (108 SE2d 339). The jury returned a verdict for $100 general damages. The only evidence that the property at issue had a value of $100 is found in plaintiff's testimony as to his opinion of the property value. Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. Code §§ 38-1708, 38-1709; Hoard v. Wiley, 113 Ga. App. 328 (1a, b) (147 SE2d 782). Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an "unsupported conclusion or guess of the witness." Id., p. 332. Plaintiff's testimony does not reveal sufficient experience or familiarity with the value of a 1954 color TV set or with similar property. He apparently based his conclusion on the cost price of $150 approximately two months prior to the incident which gives rise to this litigation. Cost price is not sufficient proof of market value. Mills v. Mangum, 111 Ga. App. 396 (3) (141 SE2d 773). Accordingly, plaintiff's evidence as to the value of the television is an inadmissible conclusion and will not support a verdict for $100. However, the evidence would support a finding that the set had some value. As a consequence the trial court did not err in overruling the motion for judgment

n.o.v. but did err in denying defendant's motion for new trial as to this issue.

■ There is another issue which we should determine. Defendant argues that punitive or exemplary damages are not allowed in a trover action. *Code* § 105-2002 authorizes a jury in a tort action where there are aggravating circumstances to award additional or punitive damages. While the law on this issue is somewhat hazy, the decisions is *Louisville & N. R. Co. v. Earl*, 139 Ga. 456 (77 SE 638), *Beaver v. Magid*, 56 Ga. App. 272 (192 SE 497), and *Oliver v. Fair Jewelers, Inc. of Atlanta*, 104 Ga. App. 392 (121 SE2d 787), while all factually distinguishable, lend support to the proposition that punitive damages are allowable in a trover suit. *Code* § 105-2002 applies to "every tort" and the gist of the action of trover is the tortious conversion of personal property. *Tidwell v. Bush*, 59 Ga. App. 471, 472 (1 SE2d 457). As our research reveals no Georgia authority which indicates a contrary conclusion, we hold that punitive damages are recoverable in a trover action. As a new trial will be had in this case, we make no ruling as to whether the present evidence authorizes an award of punitive damages.

■ Defendant contended in his motion for new trial that attorney's fees were not authorized. He has not argued this matter before us and it is deemed abandoned.

*Judgment reversed. Quillian and Whitman, JJ., concur.*