## CLARK *et al. vs.* BELL, executor.

<div style="float:right">61 147<br>96 218</div>

1. In a suit by an executor, the defendant was not prevented from testifying to any relevant conversations between himself and the executor by reason of the death of the testator, though the original contract between him and testator was recited in such conversations.
2. Nor was he incompetent to testify as to the amount of improvements placed by him on the land which formed a part of the original contract.
3 In trover by the creditor for the conversion by the debtor of certain mules transferred by bill of sale as security for the debt, of greater value than the amount due, the measure of damages is not the value of the mules, but the amount of the debt, with interest.

Trover. Witness. Damages. Before Judge CRISP. Sumter Superior Court. April Term, 1878.

The following, taken in connection with the decision, sufficiently reports this case: Bell, executor of S. Bell, deceased, brought trover against Clark, with bail process, for two mules for which he had given a bill of sale to the

plaintiff's testator. Defendant filed an equitable plea alleging in substance, as follows: He purchased a certain tract of land from testator, was to have three years in which to pay for it. A part of the contract was that testator should lend him $100.00, for the purpose of erecting improvements. He received this money, gave his note for $125.00, (the $25.00 being for interest,) and a bill of sale for the two mules now in controversy as collateral security. He has erected improvements on the land to the value of $574.85. His contract with testator was never reduced to writing, the latter saying it was inconvenient at the time of making it. Afterwards testator conveyed the same land to Mrs. A. C. Bell, and defendant's tenant in possession was evicted, some eighteen months before the three years expired. Plaintiff is aware of these facts. Defendant claimed set-off—that the $125.00 should be deducted from the $574.85, that he might have judgment for the balance, and the trover suit be dismissed.

After verdict and judgment for plaintiff, defendant and his surety in the bail proceeding moved for a new trial, on the following among other grounds :

1. Because the court erred in charging the jury as follows: If the plaintiff shows you a bill of sale to the two mules from Clark to the plaintiff's testator, (and I charge you that the paper introduced is a bill of sale, and conveys title, although it may have been given to secure the payment of the note,) and Clark failed to deliver the mules 1st of November, 1874, when they were demanded of him, and after that has converted the mules to his own use, then the plaintiff is entitled to recover the proven value of the mules with interest to this date, as his damages, unless the defendant has satisfied you by evidence that his defense is true.

2. Because the court erred in not allowing defendant to state while on the stand as a witness all the conversation had between him and A. C. Bell and plaintiff. They testified that a new contract was entered into after the death of said Sampson Bell, between plaintiff and defendant, which

new contract was positively denied by defendant; and when he proceeded to state what he (defendant) told said A. C. Bell and plaintiff in said conversation was the contract between him and said Sampson Bell, (deceased,) as set up in his equitable defense, the court stopped him, and would not allow him to state what he told them (the Bells) in said conversation said contract was, but did allow him to state what J. W. Bell and A. C. Bell said in reply thereto, to-wit: that they would carry out all their father's contracts.

3. Because the court erred in not allowing defendant to state anything as to the value of the improvements put on said land by him, and what they cost him.

The motion was overruled, and defendants excepted.

JOHN R. WORRILL; GUERRY & SON, for plaintiffs in error, on the question of evidence, cited 26 *Ga.,* 472.

HAWKINS & HAWKINS; SIMMONS & SIMMONS, for defendant.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiff against the defendant to recover two mules of the alleged value of $250.00, and their hire alleged to be of the yearly value of $50.00.

On the trial of the case the jury found a verdict in favor of the plaintiff for $347.25. The defendant made a motion for a new trial on various grounds, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that on the 1st of April, 1874, the defendant, Clark, in consideration of the sum of $125.00, executed to the plaintiff's testator a bill of sale for the two mules, which were then in the possession of Clark, who was to retain the possession of them until the 1st of November thereafter, (the defendant to risk the lives of the mules) and then to deliver the same to the plaintiff's testator, the defendant at the same time executed his note to the plaintiff's testator for the sum of $125.00.

The plaintiff demanded possession of the mules, which the defendant refused to deliver, but converted the same to his own use.

The defendant filed an equitable plea to the plaintiff's action, in which he alleged that the bill of sale to the mules was a part of a contract entered into between himself and plaintiff's testator in relation to a lot of land upon which the defendant was to settle, and improve, and there was a good deal of conflicting evidence in relation to that point in the case. The plaintiff and A. C. Bell testified to a conversation had with the defendant in relation to the matters alleged in defendant's plea. The defendant was offered as a witness to prove all the conversation between the parties, which was refused by the court on the ground that the plaintiff's testator was dead.

1, 2. The defendant was a competent witness to prove all the conversation had between himself and the living parties with whom it was had, notwithstanding the plaintiff's testator was dead. The defendant was also a competent witness to prove the value of the improvements put on the land by him, and the court erred in ruling out the defendant's evidence offered upon both these points, as made in the record.

3. The court charged the jury, amongst other things, that although the bill of sale may have been given to secure the payment of the note, and Clark failed to deliver the mules on the 1st of November, 1874, and they were demanded of him, and after that has converted the mules to his own use, then the plaintiff is entitled to recover the proven value of the mules, with interest to this date, as his damages, unless the defendant has satisfied you by the evidence that his defense is true.

If the bill of sale to the mules was given to the plaintiff's testator by the defendant to secure the payment of the note, then the measure of the plaintiff's damages was the amount of that note with the lawful interest due thereon, and not the proven value of the mules.

Whether there was a settlement between the plaintiff and

the defendant in relation to the several matters in controversy, and by the terms thereof the defendant agreed to abandon the possession of the land in consideration that he was to be released from the rents and profits, we express no opinion as there is to be a new trial of the case.

Let the judgment of the court below be reversed.