WALL *et al. v.* JOHNSON.

1. In an action for the recovery of personal property brought without previous demand, if the defendant was in possession of the property when the action was brought, unless he disclaims title at the first term, he is liable for costs, if cast in the suit, and the action may proceed for the recovery of costs and hire, although

the plaintiff, under the law of bail-trover, has replevied the property and thus acquired possession. Code, §§3028, 3057.

2. That the contract of conditional sale stipulates that the purchaser agrees "to pay ten per cent. counsel fees, and all other expenses incurred in the collection of this claim," will not entitle the seller to collect counsel fees in an action of bail-trover brought to recover the property and its hire; and where the property was tendered before suit and the tender refused, and no subsequent demand made for it, the recovery of anything for counsel fees was unwarranted.

February 15, 1892

Trover. Title. Demand. Costs. Attorney's fees. Before Judge JENKINS. Baldwin superior court. January term, 1891.

Reported in the decision.

C. P. CRAWFORD, by brief, for plaintiff in error.

J. D. HOWARD and ROGERS & POTTLE, by brief, *contra.*

BLECKLEY, Chief Justice.

The mules were sold conditionally, the seller retaining title. The note given for the purchase money contained a stipulation "to pay ten per cent. counsel fees and all other expenses incurred in the collection of this claim." Nothing was paid. The purchasers had the possession and use of the mules. After the term of credit had expired, the seller, instead of suing on the note for the purchase money, brought an action of complaint in the nature of trover to recover the mules and hire for the same. At that time the mules were in the possession of defendants, and the plaintiff had made no previous demand on them for possession. Bail was required to secure the forthcoming of the property to answer the result of the action. As a consequence of this requirement, the mules were seized by the sheriff, and the evidence indicates that, the defendants failing to give the requisite bail-bond, the plaintiff or his agent gave bond and thus replevied the property and acquired possession. Subsequently the mules were sold under

some order granted by the ordinary, and the plaintiff, through his agent, purchased them. The action came on to be tried, and it appeared in evidence that before the maturity of the note, one of the defendants had requested the plaintiff's agent to take the mules back, which the agent refused to do. A while before the suit was brought (whether before or after the note matured does not appear), they were tendered and the agent again refused to take them.

1. As the defendants had the use of the mules from the time of the conditional purchase up to the time they were seized by virtue of the bail process, were in possession of them when the action was brought, and had failed not only to pay for them according to contract but to pay anything whatever, there is no reason why the plaintiff could not recover for hire and the costs of the proceeding. The code, section 3028, provides that it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought. And section 3057 is in these words: "In actions for the recovery of personal property, if the defendant at the first term will tender the property to the plaintiff, together with a reasonable hire for the same since the conversion, disclaiming all claim of title, the costs of the action shall be paid by the plaintiff, unless he can prove a previous demand of the defendant, and a refusal to deliver it up." After seizure the defendants could not tender the property, but they could have tendered reasonable hire and disclaimed title, neither of which was done. They were therefore subject to a recovery in the action to the extent of hire and costs.

2. But there could be no recovery for counsel fees. The action was not based on the contract nor brought to enforce it. The plaintiff sued upon his title, and after declining a tender by which his title was recognized. He

was not driven to his action in order to obtain possession of the mules; he could have obtained it by accepting the tender. Independently of the contract, therefore, there is no ground for recovering counsel fees, and the contract furnishes no such ground, because the action is not predicated upon it.

A new trial, however, is not necessary, but the judgment is reversed with direction that the counsel fees be written off by the plaintiff, and that the judgment when thus modified stand affirmed, the cost of the writ of error, both in this court and the court below, to be paid by the defendant in error.

*Judgment reversed, with direction.*