## HODGES *et al. v.* CUMMINGS.

1. In an action by the seller in a conditional sale of personal property, to re-
cover possession of the property on the ground that the purchase-price has
not been paid, the plaintiff may elect to take a verdict for damages alone,
when it appears that a demand for the possession of the property was made
prior to the bringing of the suit and the defendant refused to deliver posses-
sion of the same.
2. The evidence, though conflicting, authorized the verdict, and there was no
error requiring the granting of a new trial.

Submitted  May 1, — Decided July 22, 1902.

Bail-trover.   Before   Judge  Evans.   Tattnall  superior  court.
December 4, 1901.

*James K. Hines* and *W. T. Burkhalter,* for plaintiffs in error,
cited Civil Code, §§ 3887, 5334 – 5 ; 59 *Ga.* 395 ; 6 Am. & Eng.
Enc. L. 480 ; Lawson, R. & P. §§ 3674 – 5 ; 37 Vt. 295.

COBB, J.   This was an action for the recovery of an article of
personal property.   The plaintiff elected to take a verdict for the
damages alone, and the trial resulted in a verdict in favor of the
plaintiff.   The defendants assign error upon the refusal of the court
to grant a new trial.

1. The  evidence authorized a finding that the chattel in ques-
tion was sold by the plaintiffs to the defendants for a stated sum,
that title was reserved until the purchase-price should be paid, and

that no part of the same had been paid. Upon this state of facts the judge charged the jury that the plaintiff was entitled to elect to take a verdict for the amount due on the purchase-price of the property; and this charge is assigned as error. It is contended that while it is the general rule that a plaintiff in an action for the recovery of personal property may elect to take a verdict for the damages alone, still in suits to recover personal property which has been the subject of a conditional sale the plaintiff is compelled to take an alternative verdict permitting the defendant to return the property in satisfaction of the judgment, if he sees proper to do so. It is said that an action to recover the property in such a case amounts to a rescission of the contract of sale, and that upon such rescission the seller is entitled to demand the property which was the subject of the sale, but not the value of the same. When the law authorizes a seller to rescind the sale, he may demand of the buyer the possession of the property, and a surrender of the property in compliance with such demand will release the buyer from the obligation imposed upon him by the contract of sale; but when such a demand is made and the buyer refuses to deliver the property, such refusal constitutes a conversion, and the seller may bring an action for the recovery of the property, in the nature of an action of trover; and when this is done, the seller is entitled to all the rights which a plaintiff in such an action is entitled to under the statute of this State, and one of these is a right to take a verdict for damages alone, if he sees proper. The right of the buyer to discharge the obligation imposed by the contract of sale by mere delivery of the property to the seller is lost by a refusal to surrender the same upon demand made prior to the institution of the suit, if the seller in the suit subsequently brought to recover the property elects to take a verdict for the damages alone. In cases of conditional sales where the title is reserved, while the plaintiff may elect to take a verdict for damages alone, the measure of damages is not in all cases the value of the property. If the value of the property is greater than the balance due on the debt, then the measure of damages is the balance due on the debt at the date of the verdict. If the value of the property is less than the balance due on the debt, the measure of damages is the value of the property. In the present case the value of the property was admitted by the defendants in their plea to be the amount stated in the plaintiff's

petition, and the amount so admitted was the balance due on the purchase-price of the property. It was therefore not erroneous for the judge to charge the jury that, the plaintiff having elected to recover the damages alone, he was entitled to recover the amount admitted in the defendants' plea.

2. The foregoing division of this opinion disposes of the only question made in the record which requires special notice. The other charges complained of were not erroneous for any reason assigned. The evidence, though conflicting on several of the material issues in the case, was sufficient to authorize the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*