SMITH v. TURNER et al.     :

LUMPKIN, J.   1. A plea of discharge in bankruptcy does not furnish a defense to a statutory action of trover brought by a vendor against the bankrupt to recover personal property sold by the former to the latter, with retention of title until payment, possession of which is retained by the purchaser after his discharge in bankruptcy. Myrick v. Liquid Carbonic Co., 137 Ga. 154 (73 S. E. 7, 38 L. R. A. (N. S.) 554).

2. This is true although the plaintiff may at the trial exercise his statutory privilege of electing to take a money verdict.

3. In view of the statement in the bill of exceptions, in excepting to the striking of the part of the answer in the nature of a plea of bankruptcy, that "the defendant contended and now contends that while his bankruptcy did not bar them from a recovery of the specific property sold, it did bar them from a recovery of the purchase-price of said property by which their damages were measured," and of the following note added by the court to the bill of exceptions, "The only objection made to the direction of a verdict was the plaintiffs were only entitled to recover the machine, as the defendant had been discharged in bankruptcy since the note was given," there was no error in directing a verdict for the plaintiffs.

(a) This court authorized counsel to review the following cases, especially with reference to questions of whether demand was necessary before the bringing of trover by a vendor against a vendee of personalty, where title was reserved until payment of the purchase-money; and what was the measure of damages in such a case, if the plaintiff elected to take a money verdict: Clark v. Bell, 61 Ga. 147; Horne v. Guiser Mfg. Co., 74 Ga. 791; Bradley v. Burkett, 82 Ga. 255 (11 S. E. 492); Ross v. McDuffie & Armstrong, 91 Ga. 120 (3), 121 (16 S. E. 648); Bell v. Ober & Sons Co., 96 Ga. 214 (23 S. E. 7); Hodges v. Cummings, 115 Ga. 1000 (42 S. E. 394); Moultrie Repair Co. v. Hill, 120 Ga. 730 (5), 732 (48 S. E. 143); Wall v. Johnson, 88 Ga. 524 (15 S. E. 15); Scarboro v. Goethe, 118 Ga. 543 (45 S. E. 413); Mallary Machinery Co. v. Wood, 133 Ga. 615 (66 S. E. 785), and cases cited therein. Counsel for defendant in error have urged that, in the light of the judge's note above quoted, these questions were not made in the court below or involved in the ruling, but the defendant rested entirely upon the question of the right to plead bankruptcy. After a careful consideration, under the facts of the case above stated, this court is of the opinion that the decisions in the cases just cited should not be modified in the present case, if at all, but that the question of whether they should be reviewed and modified should be left for some future time.

> Judgment affirmed. All the Justices concur.
> FEBRUARY 18, 1914.

Trover.  Before Judge James B. Park.  Wilkes superior court. January 24, 1913.

J. M. Pitner, for plaintiff in error.

W. A. Slaton and R. C. Norman, contra.