## 17875. BARBOUR *v.* DAY COMPANY.

BELL, J. 1. Where, under a contract of conditional sale of personalty, the property is delivered to the purchaser, and the seller merely retains the title as security for the purchase-money, the purchaser's default in the payment of the purchase-money will not, without more, constitute a conversion of the property. *Baston* v. *Rabun,* 115 *Ga.* 378 (41 S. E. 568); *Young* v. *Durham,* 15 *Ga. App.* 678 (5) (84 S. E. 165); *Securities Trust Co.* v. *Marshall,* 30 *Ga. App.* 379 (3, 5) (118 S. E. 478).

2. Where, after the purchaser in such a contract has defaulted in the payment of the purchase-money, the seller brings trover to recover the property, and where there is no other evidence of conversion except the purchaser's refusal, *on demand,* to surrender the property, the action is unaffected by the statute of limitations where it is brought within, four years from the date of such demand and refusal; and this is true although such default in payment may have occurred more than four years before the suit was filed. *Hicks* v. *Moyer,* 10 *Ga. App.* 488 (73 S. E. 754).

3. The judgment as rendered by the municipal court in favor of the plaintiff was not without evidence to support it. The superior court did not err in dismissing the certiorari.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED OCTOBER 13, 1927.

Certiorari; from Fulton superior court—Judge Pomeroy. December 9, 1926.

*Neufville & Neufville,* for plaintiff in error.

*Bond Almand,* contra.