17932.  GILREATH, for use, etc., *v.* FARMERS MUTUAL INSURANCE ASSOCIATION.

STEPHENS, J.  1.  Notice of any fact respecting the condition of property insured against fire, to the agent of the fire-insurance company who receives an application for insurance upon which a policy is afterwards issued, is notice to the insurance company. *Mechanics & Traders Insurance Co.* v. *Mutual Real Estate & Building Association*, 98 *Ga.* 262 (25 S. E. 457) ; *Johnson* v. *Ætna Insurance Company*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92).

Courts, 15 C. J. p. 807, n. 47.
Fire Insurance, 26 C. J. p. 168, n. 50; p. 296, n. 90; p. 319, n. 48; p. 551, n. 87, p. 558, n. 31.
New Trial, 29 Cyc. p. 761, n. 5.
Pleading, 31 Cyc. p. 737, n. 1.  Sunday, 37 Cyc. p. 573, n. 77.

2. Where an applicant for the issuance of a policy of fire insurance upon a dwelling house, when making the application, states to the insurance company's agent authorized to receive the application, that the applicant expects to move into the house and to bring therein his household goods, which are already insured against fire by another insurance company, and where the application is afterwards accepted by the insurance company, and the premium received and the policy of fire insurance issued upon the dwelling house, the policy is issued with knowledge on the part of the insurance company that the applicant intends to place within the dwelling household goods insured in another company. The issuance of the policy upon the dwelling house, under the circumstances, amounts to a waiver by the insurance company of a provision in the policy to the effect that the policy would be void if the contents of the building were insured in another company without the insurer's consent.

3. In the policy sued or., there being no provision avoiding the policy upon the ground that title to the property insured was, at the time of the issuance of the policy, not in the insured, and there being no evidence that the insured, either in the application or otherwise, falsely informed the company that title to the property was in him, there is no evidence whatsoever to support the defendant's plea that the policy was void because at the time of its issuance the title to the property was, without the company's knowledge, in another person, who held title as security for a debt of the insured.

4. Neither the defendant's plea that the policy sued on was void by reason of its having been executed on Sunday, nor the plea that the insured was barred of a recovery by reason of having by his own act set fire to the building insured, was established, as a matter of law, by undisputed testimony.

5. Although it may appear from an amendment to the petition that the plaintiff, who has by the amendment been substituted for the original plaintiff as one suing for the use of the original plaintiff, is not legally entitled to maintain the suit, yet where the plaintiff's right to maintain the suit has not been challenged either by demurrer or objection to the amendment, and where evidence in support of the right of the usee only to recover, and not in support of the plaintiff's legal right to recover, has been admitted without objection from the defendant, the defendant will be considered as having waived the legal disability of the plaintiff to recover, and the directed verdict for the defendant will not be sustained upon the ground that it appears from the evidence that the plaintiff has no legal right to recover. See, in this connection, *Kelly* v. *Strouse*, 116 *Ga.* 872 (7) (43 S. E. 280); *Foster* v. *Phinizy*, 121 *Ga.* 673, 678 (49 S. E. 865).

6. This being a suit originally filed by the insured named in a policy of fire insurance to recover against the insurer, on the policy, for the loss by fire of a dwelling house covered by the policy, and where the petition was amended by striking the name of the insured as the plaintiff and substituting therefor the name of a person alleged as holding legal title to the property as security for a debt, but who it does not appear had any interest whatsoever in the policy, the evidence adduced was, under

the foregoing rulings, sufficient to authorize a verdict for the plaintiff suing for the use of the insured, and since the direction of a verdict for the defendant is excepted to only by a motion for a new trial, which can not call into question the sufficiency of the plaintiff's petition, the court erred in overruling the plaintiff's motion for a new trial. See, in this connection, *Kelly* v. *Strouse,* supra (5), (10) ; *Phillips* v. *Southern Railway Co.,* 112 *Ga.* 197 (37 S. E. 418).

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

> DECIDED FEBRUARY 20, 1928.

Complaint on fire insurance policy; from Walker superior court —Judge Maddox.   November 9, 1926.

*David F. Pope, Norman Shattuck,* for plaintiff.

*Rosser & Shaw,* for defendant.