### 21833. CARTER v. SPIEGEL, MAY STERN COMPANY.

SUTTON, J. 1. The name of the plaintiff as stated in the petition in the trial court indicated prima facie that the plaintiff was a corporation, and the petition was not subject to dismissal upon the ground that it did not appear from the allegations that "the plaintiff was a legal entity." *Ager* v. *State*, 2 *Ga. App.* 158 (58 S. E. 374); *Moore* v. *State*, 27 *Ga. App.* 781 (2) (110 S. E. 55).

2. "Civil Code § 5541, as to setting out copies of contracts, obligations to pay, or other writings which constitute the cause of action, or the basis of the relief prayed for, applies only where the instrument sued on constitutes the cause of action, or the basis of the relief prayed." *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (2) (75 S. E. 418).

3. The gist of an action of trover is conversion (*Southern Express Co.* v. *Sinclair*, 130 *Ga.* 372, 60 S. E. 849); and although in a particular case the action may be predicated upon the conversion of property sold by the plaintiff under a conditional sale, such contract of sale does not constitute the cause of action sued on, and therefore it is unnecessary for the plaintiff to attach to his petition as an exhibit a copy of the contract. See *Hudson* v. *Gunn*, 20 *Ga. App.* 95 (92 S. E. 546).

4. Accordingly, the court did not err in refusing to exclude from evidence the contract of conditional sale, on objection that a copy thereof had not been attached to the petition, and the "defendant had had no notice of same."

5. Where under a contract of conditional sale of personalty the property is delivered to the purchaser, and the seller retains the title as security for the purchase-money, the purchaser's default in the payment of the purchase-money will not, without more, constitute a conversion of the property. *Baston* v. *Rabun*, 115 *Ga.* 378 (41 S. E. 568); *Hodges* v. *Cummings*, 115 *Ga.* 1000 (42 S. E. 394); *Barbour* v. *Day Co.*, 37 *Ga. App.* 267 and cit.

6. In the present case the plaintiff sought to recover property which it had sold to the defendant under a conditional sale, and it appears from the petition for certiorari that the only evidence introduced by the plaintiff was the contract reserving title to the property until payment of the purchase-money, and testimony by the plaintiff's attorney that

the defendant admitted to him that he got the goods and promised to pay for them, and that the attorney had written several letters to the defendant and had telephoned him before he filed the suit. The evidence as thus stated was insufficient to show a demand and refusal to deliver the property, or a conversion of the property, and failed to establish any right of recovery; and the motion to dismiss the case, which was equivalent to a motion for nonsuit (*Alabama Great So. R. Co.* v. *Blevins*, 92 *Ga.* 522 (2), 17 S. E. 836; *Frank* v. *Atlanta St. R.*, 72 *Ga.* 338 (1-a); *Zachery* v. *Madison*, 18 *Ga. App.* 490, 491 (2), 89 S. E. 594) should have been sustained. Consequently the judge of the superior court erred in refusing to sanction the petition for certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 23, 1932.

*W. H. Boyd, W. G. Warnell*, for plaintiff in error.
*Frederick A. Tuten*, contra.