36454. COLONIAL CREDIT COMPANY *v.* WILLIAMS.

CARLISLE, J. 1. Where, upon the trial of an action of bail trover, brought by the holder of a title-retention contract, covering a described automobile, against the purchaser of the automobile, after the defendant had defaulted in some of his monthly instalment payments, it appears from the evidence without dispute that the plaintiff had made no demand for the automobile nor had there been a refusal by the defendant to return the automobile, and a conversion of the automobile by the defendant was not otherwise shown, a verdict in favor of the defendant is demanded. A purchaser's default in the payment of the purchase money alone will not constitute a conversion of the property (*Carter* v. *Spiegel, May Stern Co.,* 45 *Ga. App.* 754 (5), 166 S. E. 34, and citations); and, while Code § 107-101 provides that it shall not be necessary to prove a conversion of the property in an action of trover where the defendant is in possession, this rule does not apply where the property has been lawfully acquired by the defendant. *Wood* v. *Sanders,* 87 *Ga. App.* 84, 86 (73 S. E. 2d 55), and citations.

2. As the verdict for the defendant was demanded for the reasons indicated in the foregoing division of this opinion, the remaining assignments of error contained in the motion for a new trial need not be considered, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., concurs. Townsend, J., concurs specially.*

DECIDED FEBRUARY 5, 1957.

*Arnold S. Kaye,* for plaintiff in error.
*H. Fred Gober, Edward E. Carter,* contra.

TOWNSEND, J., concurring specially. I concur in the judgment in this case for the additional reason stated in *Hodges* v. *Cummings*, 115 *Ga.* 1000, 1001 (42 S. E. 394) as follows: "When the law authorizes a seller to rescind the sale, he may demand of the buyer the possession of the property, and a surrender of the property in compliance with such demand will release the buyer from the obligation imposed upon him by the contract of sale; but when such a demand is made and the buyer refuses to deliver the property, such refusal constitutes a conversion, and the seller may bring an action for the recovery of the property, in the nature of an action of trover; and when this is done, the seller is entitled to all the rights which a plaintiff in such an action is entitled to under the statute of this State, and one of these is a right to take a verdict for damages alone, if he sees proper." If a trover action were maintainable merely because of a default in payment, this would deprive the defendant of a right which he has in law (and also under the terms of many retention-title contracts) to allow the seller to repossess the article itself, before suit, and thus to avoid liability for a money judgment in the event the plaintiff desires to elect such judgment.