36507. ROBBINS *et al. v.* WELFARE FINANCE CORP.

DECIDED FEBRUARY 6, 1957.

*Carolyn M. Pennisi, H. Fred Gober,* for plaintiffs in error.

*Moise, Post & Gardner, Allen Post, Hugh Wright, Sam G. Dettelbach, Joel J. Fryer,* contra.

TOWNSEND, J. ■ It is contended that the plaintiff in the trial court failed to show such title and right of possession in itself as would sustain the action for the reason that it failed to allege and prove a written assignment of the instruments on which recovery was sought. The plaintiffs alleged that the promissory note and bill of sale to secure debt were transferred to it by Equitable Credit Company, and the manager testified on the trial without objection that the plaintiff had purchased the notes and assets of Equitable Credit Company, probably in October. The note and bill of sale were on two papers stapled together, each of which referred to the other, and the two instruments are accordingly considered *in pari materia.*_ No written assignment appears on either. However, in Code § 14-420 it is provided: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor." As stated in *Christie* v. *Bassford,* 47 *Ga. App.* 94 (169 S. E. 687) such delivery for value unaccompanied by a written endorsement constitutes a transfer, but not a negotiation, of the note within the negotiable instruments law. "Such a transfer without indorsement, vesting the transferee with legal title, although not effective to render the transferee a holder in due course . . . now permits the transferee to bring suit in his own name." *Folsom* v. *Continental Adjustment Corp.,* 48 *Ga. App.* 435, 436 (172 S. E. 833). Accordingly, the absence of endorsement of the promissory note not being an impediment to the bringing of an action, it remains to be seen whether the additional failure to assign the bill of sale to secure debt would defeat the action. Code § 14-1802 provides: "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security." Under this Code section it was held, in *Napier* v. *Bank of LaFayette,* 31 *Ga. App.* 703 (1) (121 S. E.

694), as follows: "A written transfer by the payee of a promissory note in which title to personalty is reserved as security for the payment of the note carries with it a transfer to the transferee of the title to the property" so as to permit the maintenance of a trover action. Neither the *Napier* case nor the one under consideration deals with purchase money notes. Since the need for a written transfer of the note by endorsement, which was necessary to maintain the action at the time the *Napier* case was decided, has been abolished by Code § 14-420, supra, the two cases are substantially alike insofar as they permit a trover action to be maintained by a transferee of a negotiable instrument carrying with it a bill of sale to secure debt, as to the personal property described in such bill of sale. The case of *Swan Davis Co.* v. *Stanton,* 7 *Ga. App.* 668 (67 S. E. 888), relied upon by the plaintiff in error, was based on *Burch* v. *Pedigo,* 113 *Ga.* 1157 (39 S. E. 493, 54 L. R. A. 808), and the *Burch* case was, in *Jordan Mercantile Co.* v. *Brooks,* 149 *Ga.* 157 (99 S. E. 289), held unsound as in conflict with older decisions. Under the authority of *Napier* v. *Bank of LaFayette,* supra, the plaintiff had sufficient legal title to support trover.

It is further contended that the plaintiff was not entitled to a money judgment because there was no proof of value as to the property involved and was not entitled to the direction of a verdict because there were issues of fact for the jury to determine. We recognize the rules that (a) an alternative verdict in trover is unauthorized where there is no proof of value (*Odum* v. *Cotton States Fertilizer Co.,* 38 *Ga. App.* 46, 142 S. E. 470); (b) that as between the original purchaser and seller the agreed price stated in the contract of sale is prima facie evidence of actual value (*Moore* v. *Furstenwerth-Uhl Jewelry Co.,* 17 *Ga. App.* 669 (3), 87 S. E. 1097); (c) that where the property converted is something carrying its own evidence of value, such as a promissory note, the value written therein will prima facie be presumed to be the true value (*Caswell* v. *Vanderbilt,* 35 *Ga. App.* 34, 132 S. E. 123); and (d) that a plaintiff holding title to personal property as security for a loan can recover no more than the amount of indebtedness remaining due at the time of the trial. *Clark* v. *Bell,* 61 *Ga.* 147; *Elder* v. *Woodruff Hardware & Mfg.*

*Co.,* 9 *Ga. App.* 484, 486 (71 S. E. 806). If the property is worth more than the amount of the judgment (which was based on the balance due on the note) the defendant is not hurt, but if the value of the property is less than this judgment the defendant has a right to complain because the plaintiff is not entitled to a judgment against him in an amount greater than the value of the property. *Hodges* v. *Cummings,* 115 *Ga.* 1000, 1001 (42 S. E. 394). It is one thing to allow a prima facie inference of value from the value stated on the face of collateral securities, or the value agreed upon between a purchaser and a seller, but this reasoning cannot apply where no sale is involved and money is borrowed and security tendered for purposes, such as paying off prior loans, in which case the connection between the amount of the loan and the value of the property is not such as to fix the value of the property at the time the loan comes due without other and independent evidence thereof. It was accordingly error for the trial court to direct a money verdict for the plaintiff in the absence of any evidence as to the value of the property involved. Value is necessarily opinionative and is a jury question.

■ It is further contended that the amounts charged for the money lent under the provisions of the Industrial Loan. Act (Ga. L. 1955, p. 431 et seq.; Code, Ann. Supp. § 25-301 et seq.), amounted to usury because interest was charged on interest discounted, on fees and on the insurance premium. The contention that the insurance premium was a usurious charge because no insurance policy was delivered to the borrower is without merit. "A contract of insurance . . . 'To be binding, must be in writing, but delivery is not necessary if, in other respects, the contract is consummated.'" *Metropolitan Life Ins. Co.* v. *Thompson,* 20 *Ga. App.* 706 (1) (93 S. E. 299). The purpose of the act was to regulate the business of making loans of $2,500 or less, and to eliminate certain abuses in this field. On loans repayable in instalments for 18 months or less, the lending agency is under the act entitled to make an interest charge of 8% per annum of the face amount of the contract discounted in advance, and in addition thereto a charge for making the loan not greater than $1 plus 8% of the first $600 of the face amount of the contract plus 4% of the excess. Certain stated insurance charges may be made, but no further charges of any kind except

fees for recording, or insurance against non-recording. The defendant here desired to borrow slightly over $500, a part of which was to be used in paying off a previous loan. The face amount of the loan was $702, payable in 18 monthly instalments of $18 each credited as follows:

| | |
|---|---:|
| Interest on $702 at 8% for 18 mo. | $84.24 |
| Fees at 8% of $600 4% of $102—$1 | 53.08 |
| Insurance: Life | 21.06 |
| Insurance: Health & acc. | 24.57 |
| Recording fee | .60 |
| Paid to borrower's order | 518.45 |
| | $702.00 |

. Under the provision of Code (Ann. Supp.) § 25-315 the licensee may contract for interest at the rate of 8% of the face amount of the contract and in addition "charge, contract for, receive or collect at the time the loan is made, a fee for making the loan in an amount not greater than $1 plus 8% of the first $600 of the face amount of the contract, plus 4% of the excess." The words "face amount of the contract" can only refer to the amount of the obligation as shown on the promissory note of $702, not merely to the $518.45 which the defendant obtained in cash or as payment of prior obligations. The contract is for not only the amount the debtor desires for his own use, but for the amount it is necessary for him to borrow in order to obtain what he needs for his own use. The words "face amount of the contract" are clear and unambiguous. The licensee charged, according to the evidence in the case, in accordance with the Georgia Industrial Loan Chart No. 2, which had been filed with and accepted by the Georgia Industrial Loan Commissioner. The administrative interpretation of the act given by that agency is entitled to consideration in the determination by this court of the manner in which fees and charges allowed by law should be calculated. See *Howell* v. *State*, 71 *Ga.* 224, 229 (51 Am. R. 259). Since the lender is entitled to his fees for *making* the loan, and does not receive them at that time, but by means of instalment payments during the 18-month period thereafter, he is entitled to charge interest thereon. He is also entitled under the terms of the act to discount the interest in advance. Accordingly, the

procedure here followed is in accordance with the unambiguous language of the act and the administrative interpretation thereof, and will not be held to be usurious.

Since mere default in the payment of a debt does not alone constitute conversion, and since under the provision of Code § 107-101 to the effect that it shall not be necessary to prove conversion where the defendant lawfully acquired possession of the property, demand and refusal are conditions precedent to the institution of a trover action brought on property conveyed in a bill of sale to secure debt. *Colonial Credit Co.* v. *Williams*, 95 *Ga. App.* 76. Evidence of demand and refusal may serve as a beginning point for the running of the statute of limitations (*Barbour* v. *Day Co.*, 37 *Ga. App.* 267, 139 S. E. 909), and failure to do so is ground for a nonsuit. *Carter* v. *Spiegel, May Stern Co.*, 45 *Ga. App.* 754 (6) (166 S. E. 34). There being no evidence of demand and refusal, and no other evidence of conversion of the property, the denial of the motion for new trial was error for this reason also.

The trial court erred in denying the motion for new trial for the reasons set forth in divisions three and four hereof. Since the evidence did not demand a verdict for the defendant in all events, it was not error to deny the motion for judgment notwithstanding the verdict. *McClelland* v. *Carmichael Tile Co.*, 94 *Ga. App.* 645 (96 S. E. 2d 202).

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*