39164. JOHNSON v. PIONEER FINANCE COMPANY.

NICHOLS, Presiding Judge. 1. " 'An exception to the refusal of the trial court to award a nonsuit will not be considered where the case resulted in a verdict for the plaintiff, and a motion for new trial was denied on the ground that the verdict was contrary to the evidence and without evidence to support it.' [*Guarantee Trust Life Ins. Co. v. Hill,* 90 Ga. App. 297 (3), 82 SE2d 885]." *Reserve Ins. Co. v. Foster,* 96 Ga. App. 337, 340 (99 SE2d 839). Accordingly, special ground 4 of the amended motion for new trial which assigns error on the refusal to grant a nonsuit cannot be considered where the defendant has sought a new trial on the usual general grounds.

2. "A ground of a motion for a new trial, complaining of the admission of documentary evidence, that does not set out literally or in substance or attach as an exhibit the document objected to, or does not point out in such ground such parts of the record by page number as are necessary to an understanding of the errors complained of, is not in proper form and is incomplete to raise any question for decision." *Maxwell v. Hollis*, 214 Ga. 358 (1) (104 SE2d 893). Accordingly, the remaining special grounds of the defendant's amended motion for new trial which assign error on the admission of certain documentary evidence but failed to set forth such evidence or to refer to such evidence by page number are incomplete and cannot be considered.

3. The evidence on the trial of the case, an action in trover to recover a house trailer, disclosed that the defendant had purchased a house trailer from R. Edwards & Sons Trailer Sales on June 6, 1960, that a conditional-sale contract on such trailer was transferred to the plaintiff on the same day, that the serial number contained on such bill of sale was the same as the one on the trailer claimed by the defendant to be a different trailer although there was a discrepancy in the year model (1957 or 1958), that the defendant had made only one payment to the plaintiff and was in arrears on such payments, that the plaintiff had authorized its agent to collect the amount due, and past due, on such account or repossess the trailer covered by such conditional-sale contract, and that the agent contacted the defendant who referred him to his attorney. Neither the plaintiff nor the defendant introduced any evidence of an actual demand by the plaintiff or its agent on the defendant for possession of the property covered by the conditional-sale contract. Since a demand and refusal is necessary to show the conversion of a chattel delivered to a vendee under a conditional-sale contract before trover will lie (*Robbins v. Welfare Finance Corp.*, 95 Ga. App. 90, 96 SE2d 892), the evidence did not authorize the judgment for the plaintiff by the court sitting without the intervention of a jury, and the trial court erred in overruling the defendant's motion for a new trial on the usual general grounds.

*Judgment reversed. Frankum and Jordan, JJ., concur.*

Decided November 20, 1961.

*Philip T. Keen, Franklin B. Anderson,* for plaintiff in error.
*Preston L. Holland,* contra.