## 45061. HOGAN v. MAXEY.

·DEEN, Judge. 1. "Every action shall be prosecuted in the name of the real party in interest." *Code Ann.* § 81A-117. At the time this bail trover proceeding was filed against Maxey by Farmers Bank, Union Point, Ga., the bank held a note signed by Maxey on which Hogan was surety, and security in the form of a bill of sale to secure debt to property of Maxey which is the subject of this action. A few days prior to filing the suit, Hogan paid off the debt to the bank but did not obtain an assignment of the bill of sale to secure debt. By payment the surety was subrogated to all of the creditor's rights. *Todd v. Windsor,* 118 Ga. App. 805, 807 (165 SE2d 438). There is thus no doubt that Hogan was the real party at interest; however, he was not a party to the action at its inception. The bank later filed an amendment stating these facts and that Hogan was substituted as party plaintiff in its place. No objection was made to the amendment, nor was there any to the motion for new trial which was also filed in the name of Hogan as plaintiff and the overruling of which is here assigned as error. Under these circumstances, the defendant has waived whatever right he had to the objection to the substitution of parties plaintiff. *Gilreath v. Farmers Mut. Ins. Assn.,* 37 Ga. App. 739 (5) (141 SE 674).

2. After the institution of a trover suit, a tender by the defendant of the property in litigation which does not comply with *Code* § 107-104 in that it is not a tender of all the property and does not include tender of an amount for hire is insufficient and will not prevent the plaintiff from proceeding with the case and electing a money verdict. *Powers v. Franklin,* 32 Ga. App. 641 (124 SE 363).

3. The chronology of this action is as follows: Maxey had some time previously borrowed money from Farmers Bank, giving it a bill of sale to secure debt to his restaurant personalty and a note on which Hogan was surety. The note was in default by September 13, 1967, when Maxey filed his petition in bankruptcy listing Farmers Bank as creditor on this debt. On December 18 the trustee in bankruptcy entered an order of abandonment of the property on the ground that it had no realizable value to the trustee. Hogan paid off the note March 28, 1968; the bail trover was filed April 8, 1968, and defendant's discharge in bankruptcy was dated April 24. Ser-

vice was effected April 23, Maxey took all of the property except foodstuffs (which had apparently long since disintegrated) and some furniture over which there was a dispute of title to the bank about two weeks later; the bank refused to accept the goods, they were left on the sidewalk, and the police eventually removed them. Although the plaintiff alleged in its petition that "defendant refuses to deliver possession of the said goods to the plaintiff" there is no proof of demand and refusal by either bank officials or Hogan. To the question: "When did you first know the Farmers Bank was intending and contending to collect $2,400 from you?" the defendant answered the day on which the bail trover was served. Where the defendant's possession of the property in litigation was lawfully acquired, proof of a demand for its return by the entity entitled to it and refusal by the defendant is a condition precedent to recovery. *Colonial Credit Co. v. Williams,* 95 Ga. App. 76 (97 SE2d 197); *Robbins v. Welfare Finance Corp.,* 95 Ga. App. 90 (4) (96 SE2d 892); *Johnson v. Pioneer Finance Co.,* 104 Ga. App. 820 (123 SE2d 205). This case does not fall within the exception in *Graham v. State Street Bank &c. Co.,* 111 Ga. App. 416 (1) (142 SE2d 99), because the petition failed to allege title in the plaintiff, and the answer did not claim title in the defendant, nor in *Willis v. Midland Finance Co.,* 97 Ga. App. 443 (103 SE2d 185) where a demand for the property was made and several days elapsed before the suit was filed. The plaintiff accordingly failed to prove his case, and the trial court properly overruled the motion for new trial on the general grounds only after a jury verdict for the defendant.

*Judgment affirmed. Evans, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED JANUARY 13, 1970—DECIDED MARCH 5, 1970—
REHEARING DENIED MARCH 26, 1970.

*Lawson E. Thompson,* for appellant.
*John G. Wright, Walton Hardin,* for appellee.

ON MOTION FOR REHEARING.

The plaintiff further contends that this decision is controlled by *Graham v. State Street Bank &c. Co.,* 111 Ga. App. 416 (142 SE2d 99), because the plaintiff in this case did by amendment to the petition allege title in himself, and under *Code Ann.*

§ 81A-115 (c) amendments relate back to the filing of the petition. The court did not overlook the amendment or the Code section in its opinion, but felt that these facts did not bring this case within the "exception to the exception to the exception" mentioned in *Graham*. The exception is that plaintiff need not allege conversion where the property is in the defendant's possion on the date of filing the petition. The exception to that is that if the defendant came into possession lawfully the first exception does not apply. The *Graham* exception is that where the plaintiff pleads and the defendant denies that plaintiff has title the issue is sufficiently made. This did not occur in the present case because the original petition did not plead title and therefore the answer contained no denial that plaintiff had title, but inferentially at least shows that defendant recognized that plaintiff did have either title or right of possession because it alleges that defendant attempted to deliver the property to the plaintiff. *Code Ann.* § 81A-108 (d) says: "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." This rule cannot be applied so as to raise an implied dispute of title *on or before the date on which the petition was filed* under these facts.

*Rehearing denied.*